## Grannison's Admr. v. Bates & Rogers Construction Company.

### (Decided March 23, 1920.)

### Appeal from Mason Circuit Court.

1. Master and Servant—Workmen's Compensation Act—Right of Personal Representative of Employe to Sue for Damages for His

Death.—The personal representative of an employe, who accepted the provisions of the Workmen's Compensation Act, although his death was caused by the negligence of his employer, could not maintain an action to recover damages for his death under section 241 of the Constitution.

2. Master and Servant—Workmen's Compensation Act—Personal Representative Has No Vested Property Right in Cause of Action.—Where an employe who has accepted the provisions of the Workmen's Compensation Act loses his life through negligence of his employer, his personal representative has no vested property right under section 241 of the Constitution in a cause of action to recover damages for his death.

3. Master and Servant—Workmen's Compensation Act—"Accident"—Definition of.—Any unexpected or unusual event happening with or without negligence is an accident within the meaning of the Workmen's Compensation Act.

H. W. COLE and A. D. COLE for appellant.

WORTHINGTON, COCHRAN, BROWNING & REED for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

Kelly Grannison, who had voluntarily accepted the provisions of the workmen's compensation act, was employed as a laborer by the Bates & Rogers Construction Company, that had also accepted the provisions of the act, and while working for the company Grannison lost his life through the negligence of the company. Grannison was a single man who had never been married, but he left surviving him a dependent sister to whom the compensation allowed by the workmen's compensation act in such cases was paid.

Thereafter W. H. Humphrey qualified as the administrator of Grannison, and in his representative capacity brought this suit, seeking to recover damages from the Bates & Rogers Construction Company in the sum of $3,000.00, setting up in his petition a state of facts that if true would entitle him to recover damages if his intestate had not accepted the provisions of the act. To this petition a general demurrer was sustained, and the plaintiff declining to plead further, the action was dismissed and this appeal prosecuted.

The lower court dismissed the action upon the ground that as Grannison had accepted the provisions of the act and came to his death while this acceptance was in

full force and effect, his administrator was precluded from bringing a suit to recover damages for his death by the provision of the act, now section 4882, vol. 3, of the Kentucky Statutes, that "if a claim is made for the payment of compensation or any other benefit provided by this act, all right to sue the employer for damages on account of such injury or death shall thereby be waived and void as to all persons."

But notwithstanding this provision of the act, it is insisted by counsel for the administrator that as the death of Grannison was caused by the negligent act of his employer, a right of action to recover damages therefor survived to and was vested in his administrator, which right of action was not and could not be defeated by Grannison's voluntary acceptance of the act, or the provisions thereof, stipulating that payment of the compensation would bar an action to recover damages by his personal representative.

This argument is rested on section 241 of the Constitution, providing in part that "whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case damages may be recovered for such death from the corporations and persons so causing the same;" and section 6 of the Kentucky Statutes, enacted pursuant to this section, which provides in part that the action "shall be prosecuted by the personal representative of the deceased."

It is further contended that so much of the workmen's compensation act as denies the right of recovery by the personal representative in a case like this violates section 11 of the Constitution, providing in part that no person "can be deprived of his life, liberty or property unless by the judgment of his peers or the law of the land;" and is also in conflict with the 14th amendment of the Federal Constitution, providing in part that "nor shall any state deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

Stating briefly the contentions made by counsel for the administrator, we think all of them may be compressed into two: (1) that as section 241 of the Constitution confers on the personal representative of a person who comes to his death as the result of an injury inflicted by negligence or wrongful act a right of action

to recover damages for the death, this right of action is a property right that the personal representative cannot be divested of by contract entered into between the employe and his employer, by and through which the employe agrees to accept for his estate the compensation provided for in the act; (2) the act should be confined in case of death to a death resulting from a purely accidental cause as distinguished from a negligence cause.

It will, of course, be readily admitted that if the personal representative has a vested property right in the cause of action created by section 241 of the Constitution, this property right cannot be taken from him by a legislative enactment or a court decision, as such enactment or decision, although it might be held not to violate section 241 of our Constitution, would be prohibited by the Federal Constitution. It would further follow from this premise, if it was sound, that the employe himself could not by his contract take from the personal representative his vested property right.

But we find ourselves wholly unable to agree with counsel that the personal representative of an employe, who comes to his death by the negligence or wrongful act of his employer has a vested property right in the cause of action created by section 241 of the Constitution. The right of action given to the personal representative by the Constitution depends entirely on the employe in whose power it is to determine for himself whether a cause of action shall survive to his personal representative. The employe has the right of election and when he elects that the loss sustained by his death shall be compensated in the manner provided in the act, his personal representative has no control over it. The right of action contemplated by the Constitution never reaches him.

It was not intended by section 241 of the Constitution to take from the employe his right to voluntarily contract that in the event of his death from whatever cause a stipulated sum should be paid to the persons entitled thereto. The constitutional provision only becomes operative when a right of action survives to the personal representative. It was never intended that the personal representative should have a vested property right in the cause of action that he could not be deprived of by statute supplemented by contract.

That this right of election is in the employe we determined in Kentucky State Journal Company v. Workmen's Compensation Board, 162 Ky. 387, where we said in speaking of the right of the employe to agree that in case of his death from negligence or wrongful act the compensation that might be recovered should be fixed by the terms of the act that "he may likewise voluntarily accept the provisions of the act, fixing the amount that shall be recovered in the event of his death." And the principle laid down in this case was reaffirmed in Green v. Caldwell, 170 Ky. 571.

Again in Penn's Admr. v. Bates & Rogers Construction Company, 183 Ky. 529, we had before us a case exactly like this one. In that case a suit was brought by the administrator of Penn against the construction company to recover damages for the death of Penn, which it was alleged had been caused by the gross negligence of the construction company. It appearing that both Penn and the construction company had accepted the provisions of the workmen's compensation act, this court, in holding that the suit brought by the administrator could not be maintained, said, after referring to the State Journal case and the Green case, "that since the deceased had the power by voluntary contract to accept the provisions of the act fixing the amount that should be recovered in the event of his death, and since the compensation for death provided by the act is in lieu of all other liability, it necessarily follows that the act controlled and that an action for damages will not lie; hence, the demurrer to the petition was properly sustained."

It was at one time a well established principle in the law of negligence that an employe could not contract away his common law right to sue for injury inflicted by the negligence of his employer. Such contracts were held void as against public policy; and so it was thought that the right to rely on the defenses of assumed risk, contributory negligence and the negligence of a fellow servant could not be taken from the employer. All this has, however, been changed by the enactment of these workmen's compensation acts under which a new body of law has come into existence, and under these acts every court of last resort in the country, except perhaps one, has with great uniformity of rule held that the employe and the employer may voluntarily enter into con-

tracts under which one surrenders rights of action and the other rights of defense, that formerly existed.

It has been fully settled in the interpretation of these acts that no vested rights control the liberty of action of the contracting parties or prevent either from exercising the privilege to forego causes of action and likewise of defense that existed before these acts. In fact, many courts have gone so far as to uphold compulsory compensation acts.

It is, also, as we have said, insisted that the act should be confined to accidental injury and death as distinguished from death caused by negligence or wrongful act. In other words, the argument is that the act was not intended to embrace cases in which the employe came to his death by negligence or wrongful act. There is, however, no room for such a distinction found in the act. It applies when its provisions are accepted in every case of injury or death that occurs within the scope of the act, whether it be brought about by accident or negligence. To hold that the act does not cover injuries caused by negligence that resulted in death would be taking from the act a very material part of it and would work the destruction of its harmonious purpose.

In Hollenbach v. Hollenbach, 181 Ky. 262, we said that the word "accident" within the meaning of the act includes "any unexpected or unusual event happening with or without negligence."

Workmen's compesation laws, substantially the same as ours, except that some of them are compulsory, are now in force in a large number of states, and many cases construing their provisions have come before courts of last resort, as well as the Supreme Court of the United States, and all the courts, so far as an extended investigation authorizes us to speak, with the exception of the South Dakota court in Rowe v. Rickards, 32 S. D. 66, 1915 E., L. R. A. 1069, have fully sustained the material provisions of these acts, including the principle that no property rights are involved that cannot be contracted away. Jenson v. Southern Pacific Company, 215 N. Y. 514, 1916 A., L. R. A. 403; Hunter v. Colfax Consolidated Coal Company, 175 Iowa 245, L. R. A. 1917 D., 15; New York Central Railroad Company v. White, 243 U. S. 188, 61 Law Ed. 667; Mountain Timber Company v. Washington, 243 U. S. 219, 61 Law Ed. 685; Arizona

Copper Company v. Hammer, 250 U. S. 400, 63 Law Ed. 637; Middleton v. Texas Power & Light Company, 249 U. S. 152.

Judgment affirmed.