## Taylor's Administrator v. Bates & Rogers Construction Company.

(Decided October 24, 1922.)

### Appeal from Mason Circuit Court.

1. Master and Servant—Compensation Act—Validity of Acceptance of Provisions.—The execution of the notice of election to operate under the provisions of the compensation act required by section 4957, Kentucky Statutes, is not a mere offer, but an actual acceptance which is binding on the meploye until his election is withdrawn.

2. Master and Servant—Compensation Act—Validity of Acceptance.—An employe's acceptance of the provisions of the workmen's compensation act, by giving the notice required by section 4957, Kentucky Statutes, is not invalid on the ground that the contract is unilateral or without consideration.

3. Master and Servant—Compensation Act—Acceptance of Provisions.—An employe's contract of election to operate under the workmen's compensation act is not discharged by his death or by the act of his administrator in suing for damages.

4. Constitutional Law—Impairment of Obligation of Contract—Master and Servant—Compensation Act.—No contract obligation is impaired by the holding that the death of an employe who had elected to operate under the workmen's compensation act, and who had not withdrawn his election prior to the injury resulting in his death, does not rescind his election.

5. Constitutional Law—Master and Servant—Personal Representative Has No Vested Right of Action for Death Preventing Election to Come Under Compensation Act.—Under Constitution, Kentucky, section 241, giving a right of action for damages for death resulting from negligence or wrongful act, an employe's personal representative has no vested right in the cause of action for death protected by Constitution, United States, amendment 14, or Con-

stitution, Kentucky, section 11, and the employe's election to be bound by the workmen's compensation act defeats such right of action as provided in such act.

A. D. COLE and W. H. COLE for appellant.

WORTHINGTON, COCHRAN, BROWNING & REED for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

While working for the Bates & Rogers Construction Company, Jackson Taylor received injuries from which he died. Thereupon, the Equitable Trust Company of Dover, Kentucky, qualified as his administrator and brought suit to recover damages for his death. A demurrer was sustained to the petition as amended and the petition dismissed. The administrator appeals.

The demurrer was sustained on the ground that the petition as amended showed that both Taylor and the Bates & Rogers Construction Company were operating under the workmen's compensation act at the time of his death. On this point the allegations of the original petition are as follows:

"Plaintiff states that at all times herein mentioned the defendant, Bates & Rogers Construction Company, was engaged in the work of constructing a lock and dam in Mason county, Kentucky, upon the Ohio river; that at all times herein mentioned both defendant and plaintiff's intestate had agreed to accept and were working under the provisions of the workmen's compensation act."

The allegations of the amended petition are as follows:

"The plaintiff, the Equitable Trust Company, of Dover, Ky., as Administrator of Jackson Taylor, deceased, comes before answer and files and amends its petition herein and states that in said petition it is alleged that at all times herein mentioned both defendant and plaintiff's intestate had agreed to accept and were working under the provisions of the workmen's compensation act; that it meant thereby only to state and in lieu thereof does now state that said intestate merely complied with section 4957, Kentucky Statutes, in this, that said Jackson Taylor simply gave notice in writing of his election to operate under said law in the language prescribed by said section, to-wit:

"I, Jackson Taylor, hereby agree with the Bates & Rogers Construction Company to accept the provisions of chapter 33, act of 1916; commonly known as the Kentucky workmen's compensation act."

Plaintiff states that said notice of said decedent's election to operate under said act was not intended either by said statute or by said decedent to be and is not anything but a mere offer to accept a remedy; and that the same is not and was not a contract.

Plaintiff states that neither at the time of his injury, nor at any other time did said intestate ever comply with section 4882, Ky. Statutes; that he neither elected to accept nor did the defendant furnish him compensation for his said injury; that neither this plaintiff, nor have decedent's surviving widow and his surviving dependent children or any of them at any time received or accepted, nor has the defendant paid to them or any of them compensation for his death; that decedent's death automatically operated, pursuant to section 4959, Ky. Statutes, as a withdrawal of his said notice of election to operate under said compensation law; and that by the reason of the foregoing facts the right of action contemplated by section 241, Kentucky Constitution, vests in this plaintiff, and is protected by the 14th Amendment to the Constitution of the United States, hereby invoked and relied upon in support of its said cause of action herein sued on."

Omitting certain provisions not material, section 4882, Kentucky Statutes, is as follows:

"Whereas, (where) at the time of the injury both employer and employe have elected to furnish or accept compensation under the provisions of this act for a personal injury, received by an employe by accident and arising out of and in the course of his employment, or for death resulting from such injury, within two years thereafter, the employer shall be liable to provide and pay compensation under the provisions of this act and shall be released from all other liability whatsoever."

Section 4956, Kentucky Statutes, prescribes the method by which an employer may elect to operate under the act. Section 4957, Kentucky Statutes, is as follows:

"Election to operate under the provisions of this act shall be effected by the employe by signing the following notice, to-wit:

'I hereby agree with (name of employer) to accept the provisions of chapter 33, acts of 1916, commonly known as the Kentucky workmen's compensation act.'

"The election shall be effective from and including the date of signing, which shall be inserted opposite the employe's signature. In case an employe be unable to write, his mark shall be witnessed by a third person, who shall at the time read the notice to the employe; any number of employes may sign the same notice, provided that there be conspicuously written or printed at the top of each page thereof on which signatures appear a copy of the above form of notice. If the employment be intermittent or be temporarily suspended, the original acceptance of the employe shall continue effective in subsequent employment under the same employer.

"Identification of such signature or mark of the employe shall constitute conclusive. proof of his election to operate under the provisions of this act, in any hearing or proceeding in which such election may be material or in issue."

Section 4959, Kentucky Statutes, is as follows:

"At any time after electing to operate under the provisions of this act, either party may withdraw such election, the employer by filing written notice with the board stating the date when such withdrawal is. effective, and the industry, business or operation covered thereby, by personal written notice to the employe, or posting in conspicuous places about such place of business, not less than one week next preceding the date on which the same is to become effective, copies of such notice of withdrawal; the employe desiring to withdraw such election shall file with the employer a written notice of withdrawal, stating the date when such withdrawal is to become effective. Following the filing or giving of such notices, the status of the party withdrawing shall become the same as if his former election had not been made; provided, however, that withdrawal shall not be effective as to any injury sustained less than one week after the filing thereof.

"An employer, while operating under the provisions of this act, shall at all times keep posted in conspicuous places about his place of business notices to that effect, in such form as may be prescribed by the board."

Of course, there is no merit in the contention that the execution by the decedent of the preliminary notice was

a mere offer to accept a remedy which was not binding on the decedent, inasmuch as it was not accepted by his employer and compensation paid thereunder. The statute applies in every case where, at the time of the injury, both employer and employe have elected to furnish or accept compensation under its provisions. The statute prescribes how the election shall be made, both by employer and employe. With respect to the employe it says, "Election to operate under the provisions of this act shall be effected by the employe by signing the following notice, to-wit: 'I hereby agree with (name of employer) to accept the provisions of chapter 33, acts of 1916, commonly known as the Kentucky workmen's compensation act.'" Though the notice reads. "I hereby agree with (name of employer) to accept," the plain meaning of the statute is that the agreement to accept is an actual acceptance and binding on the employe until his election is withdrawn. Nor can it be said that the contract of acceptance is invalid either because it is unilateral in character or without consideration. It is not a case of a contract where the terms thereof are fixed by the parties, and from which either may withdraw at any time without incurring any liability thereunder. The terms and conditions of the contract are fixed by the law of the land which is binding on all those who elect to operate thereunder. It is true that either employer or employe may withdraw his election at any time, but the withdrawal is not effective as to any injury sustained less than one week after the filing thereof. Section 4959, Kentucky Statutes. In other words, neither party can withdraw and avoid liabilities already incurred. Whether or not a consideration is necessary to support an agreement to operate under the statute, it is unnecessary to decide. It is sufficient to say that if a consideration be necessary, it may be found in the mutual advantages afforded by the statute. On the one hand, the employer avoids the large and uncertain expense of frequent litigation, and is able to adjust his business on the basis of the average number of accidents and the certain compensation fixed by the act. On the other hand, the common law defenses of contributory negligence, assumed risk and fellow servant are not available against the employe, and he may recover without showing that his employer was guilty of negligence.

The contention that the contract of election was discharged by the death of the decedent, or by the action of his administrator in suing for damages, is equally untenable. It was competent for the legislature to fix the rights and liabilities of both employer and employe who accept the provisions of the act. By its terms the act applies not only to a personal injury received by an employe from an accident arising out of and in the course of his employment, but to death resulting from such injury within two years thereafter, and provides compensation therefor. After an injury has been received, it is beyond the power of an employe, if alive, or his administrator, if dead, to withdraw the election theretofore made. In such a case the statute applies with full force and is binding whether the employe lives or dies, and precludes all who claim through him from seeking any compensation other than that fixed by the statute.

We do not regard as sound the contention that the obligation of a contract is impaired by the holding that the death of the decedent did not rescind his election to operate under the act. The only obligation imposed by the contract was the right of the decedent to withdraw his election prior to the injury resulting in his death. This he did not do, and the contract was in full force at the time of his death.

The contention that the personal representative of a decedent has a vested right of action, under section 241 of the Constitution, of which he cannot be deprived, was disposed of in the case of Grannison's Admr's. v. Bates & Rogers Const. Co., 187 Ky. 538, 219 S. W. 806, where the court, in discussing the question, said:

"But we find ourselves wholly unable to agree with counsel that the personal representative of an employe who comes to his death by the negligence or wrongful act of his employer has a vested property right in the cause of action created by section 241 of the Constitution. The right of action given to the personal representative by the Constitution depends entirely on the employe in whose power it is to determine for himself whether a cause of action shall survive to his personal representative. The employe has the right of election, and, when he elects that the loss sustained by his death shall be compensated in the manner provided in the act, his personal representative has no control over it. The

right of action contemplated by the Constitution never reaches him.

It was·not intended by section 241 of the Constitution to take from the employe his right to voluntarily contract that in the event of his death from whatever cause a stipulated sum should be paid to the persons entitled thereto. The constitutional provision only becomes operative when a right of action survives to the personal representative. It was never intended that the personal representative should have a vested property right in the cause of action that he could not be deprived of by statute supplemented by contract.''

As the decedent elected to operate under the workmen's compensation act, and the election was binding when he received the injury that resulted in his death, it necessarily follows that no cause of action ever passed to his administrator.

Judgment affirmed.