## Sturgill's Administrator v. Howard, et al.

(Decided February 1, 1927.)

### Appeal from Johnson Circuit Court.

1. Executors and Administrators—Allowance for Support of Deceased Father-in-law Limited to Terms of Lost Written Contract Held Proper Under Evidence.—Allowance of claim against deceased father-in-law for care, on basis of written contract which had been lost, held proper under evidence, where, though deceased's infirmities increased with age, there was no evidence to show that he agreed to pay daughter or her husband more than contract price for support.

2. Executors and Administrators—Daughter's Claim Against Father's Estate for Care Held Properly Rejected, where All Services for Deceased were Covered by Contract with Her Husband.—Where deceased's father entered into contract with son-in-law to pay him $2.00 per day for all services in connection with his support, daughter's claim against estate for additional compensation held properly rejected, though deceased became increasingly helpless near time of death.

3. Appeal and Error—Where on All Evidence Mind is Left in Doubt, Decision of Chancellor on Facts will Not be Disturbed.—Where case involves only question of fact, judgment of chancellor will not

be disturbed, where mind is left in doubt as to truth on all evidence.

WHEELER & WHEELER for appellant.

W. J. WARD and PICKLESIMER & STEELE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming on the original and cross appeal.

Jeff Sturgill died a resident of Johnson county on April 1, 1924, leaving a will, which was duly probated. He left surviving him a son, S. M. Sturgill, who qualified as his administrator; two daughters, Lina Howard and Roxie Tackett, and several grandchildren, the children of two deceased daughters. After his death Lina Howard and her husband, Joe Howard, set up claims for taking care of him, amounting to $4,900.00. These claims were contested and on final hearing the circuit court entered a judgment in favor of Joe Howard for $510.00 and dismissed the cliam of Lina Howard. From this judgment the administrator appeals and the Howards prosecute a cross-appeal.

Jeff Sturgill was between eighty and ninety years old, perhaps eighty-six. His wife had been dead for many years. Some years before his death his hip was broken, and later when he had partially recovered from this he was injured by a mule. He broke up housekeeping and several years before his death he went to live with his son, Miles Sturgill, in Lawrence county. He then had in bank about $1,400.00. Some months later he returned to Johnson county, saying that Miles wanted him to lend him $1,500.00, and when he refused to do this Miles' wife told him that he had better hunt a new roosting place. For one year he and the Howards lived together on the farm, the rent being fixed at $200.00, Howard to have credit for $100.00 for taking care of him. After this they moved to Paintsville and the farm was rented out. The proof shows that on several occasions, in the presence of witnesses, the old man said to Howard, this: "I say, look here Joe, what are you going to charge for keeping me?" Joe answered, "whatever is right; don't worry about that." It is shown by another witness that later Jeff Ward, an attorney at Paintsville, drew up a written contract between them which was signed by them, stipulating that Howard was to have $2.00 a day "for keeping him and attending to his business." This

contract was lost and not produced. W. J. Ward was present when the testimony was given and his deposition was not taken and no evidence was introduced contradicting the witness. The judgment of the circuit court allowed Howard $2.00 a day pursuant to the contract, and is well within the evidence. The proof shows that the old man was as helpless as a child for at least a year before he died, and though he did not stay at Howard's all the time he was there at least the time fixed by the court. While he was at Howard's his funds in bank grew to something over $2,800.00. Howard's wife attended to him tenderly, and Howard faithfully looked after his business. Mrs. Howard's claim was properly rejected, because the contract to pay $2.00 a day covered all services, although the old man later got to be very much more helpless. The allowance to Howard was properly limited by the court to the contract price for the services. Although the old man time and again said in his infirmity that Howard and wife should be well paid for their services, there is nothing in the evidence to show that there was any agreement to pay anything more than the contract price. The case involves only a question of fact. The judgment of the chancellor, who knew the parties and the witnesses, will not be disturbed here where the mind is left in doubt as to the truth on all the evidence. Under this rule the court's judgment cannot be disturbed on the evidence.

The judgment is affirmed on the original and on the cross appeals.