Mignon DAVIS, Administratrix of the Estate of Stanley Davis, Deceased, Appellant,

v.

L. A. SOLOMON, formerly doing business as Rural Electric Service Company, Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1955.

As Modified on Denial of Rehearing March 25, 1955.

Waller, Threlkeld & Whitloe, William B. Byrd, Paducah, for appellant.

Lovett, Lovett & Lovett, John C. Lovett, Benton, for appellee.

CLAY, Commissioner.

This civil action was brought against an employer to recover damages for the death of an employee. The complaint was dismissed on defendant's motion for summary judgment.

For the purposes of this appeal the facts are not in dispute, and the question presented is one of law. That question is whether or not the acceptance of the provisions of the Workmen's Compensation Act by the employer and employee bars an action for wrongful death under KRS 411.-130 by the employee's representative when the latter's death, occurring four years after an accident and resulting from a compensable injury, was the result of the employer's negligence in causing it.

On November 5, 1948, while the employee and the defendant were subject to the provisions of the Workmen's Compensation Act, the former suffered an injury arising out of and in the course of his employment. Subsequently the employee was paid compensation benefits and medical expenses. On April 3, 1953, more than four years after the accident, the employee died as a direct result of the original injury sustained. Suit was brought for wrongful death on the ground that it was caused by the negligence of the employer.

It is the contention of the plaintiff that the Workmen's Compensation Act does not authorize the recovery of compensation thereunder if the employee's death occurs more than two years after the accident. This contention is based on KRS 342.070, which provides for the payment of burial expenses and compensation to dependents "If death should result within two years from an accident for which compensation is payable * * *." The argument is then made that since the death of the employee was not compensable under the Act, the employee's representative has an independent cause of action under Section 241 of the Kentucky Constitution and KRS 411.130.

At first blush this appears a plausible argument, but it ignores the purpose of and other provisions of the Workmen's Compensation law.

KRS 342.005(1) provides that the Workmen's Compensation Act:

"shall affect the liability of the employers subject thereto to their employes for a personal injury sustained by the employe by accident arising out of and in the course of his employment, or for death resulting from such accidental injury; · * * *."

KRS 342.015(1) provides as follows:

"Where, at the time of the injury both employer and employe have elected to furnish or accept compensation under the provisions of this chapter for a personal injury, received by an employe by accident and arising out of and in the course of his employment, or for death resulting from such injury, within two years thereafter, the employer shall be liable to provide and pay compensation under the provisions of this chapter and shall, except as provided in subsection (2) of this section and in KRS 342.170, be released from all other liability."

Subsection (2) of this Section relates to injury or death resulting through the deliberate intention of the employer to produce such injury or death. The last sentence of subsection (2) provides as follows:

"If a claim is made for the payment of compensation or any other benefit provided by this chapter, all rights to sue the employer for damages on account of such injury or death shall be waived as to all persons."

■ It seems clear to us that in the event of an accident arising out of and in the course of employment, where the employer and the employee have elected to operate under the Workmen's Compensation Act, compensation may only be obtained in a proceeding before the Workmen's Compensation Board (except for an intentional injury inflicted by the employer as provided in KRS 342.015(2)). The Board has original and exclusive jurisdiction of all claims within the purview of the Act. Ashland Iron & Mining Co. v. McDaniel's Dependents, 202 Ky. 19, 258 S.W. 943; Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S.W.2d 466. The purposes of the Act would be defeated if independent actions to recover damages for injuries or death caused by a compensable accident were permitted. Sturgill's Adm'r. v. Howard, 218 Ky. 57, 290 S.W. 1048; Morrison v. Carbide & Carbon Chemicals Corporation, 278 Ky. 746, 129 S.W.2d 547.

■ We are of the opinion that the Workmen's Compensation Act exclusively governs proceedings to recover for death resulting from an accidental injury under the circumstances shown; that an original court action is not authorized (except as specified in the Act); and that whatever rights exist must be asserted before the Workmen's Compensation Board. Whether or not the employee's representative or dependents have a claim under the Act, when the employer and employee elected to be bound thereby, the employer's liability to the employee of those claiming through him was exclusively limited to the payment of only such compensation as the Act allowed.

■ Plaintiff's contention that Section 241 of the Kentucky Constitution guarantees the plaintiff a right to recover damages for wrongful death in an independent action is without merit because by the acceptance of the Workmen's Compensation Act the employee elected that the loss resulting from his death should be compensated for in the manner provided by the Act. This election foreclosed the assertion of the constitutional right by his personal representative. Grannison's Adm'r. v. Bates & Rogers Const. Co., 187 Ky. 538, 219 S.W. 806; Taylor's Adm'r. v. Bates & Rogers Const. Co., 196 Ky. 206, 244 S.W. 693.

The judgment is affirmed.