**MEMORANDUM AND ORDER AND JUDGMENT**

Bettie L. **NEWMAN**, Plaintiff-Appellant,

v.

**GIBRALTAR COAL CORPORATION**,
Defendant-Appellee.

Civ. A. No. 2604.

United States District Court,
W. D. Kentucky,
Owensboro Division.

Feb. 2, 1972.

Damon A. Vaughn, Madisonville, Ky., Ronald W. May, Pikeville, Ky., for plaintiff-appellant.

Armer H. Mahan, Jr., Louisville, Ky., for defendant-appellee.

JAMES F. GORDON, Chief Judge.

This cause comes up for consideration on motion of the defendant for summary judgment.

Plaintiff Mrs. Bettie L. Newman filed this action to recover damages for loss of consortium due to the injuries sustained by her husband, which allegedly resulted from the negligence of the defendant.

Mr. Newman was injured on or about October 14, 1970, when he was allegedly thrown from a bulldozer. Asserting that the injuries occurred in the course and scope of his employment with (defendant) Gibraltar Coal Corporation, Mr. Newman filed a Workmen's Compensation claim on October 13, 1971 (which has yet to be passed upon), claiming total, permanent disability. On the same day, plaintiff herein, Mrs. Newman, filed suit *in this court* for loss of her husband's consortium.

The dispositive legal issue presented by this fact pattern is whether or not the election by an employee to seek recovery for injuries through the Kentucky Workmen's Compensation Law (KRS 342.001, et seq.) immunizes the covered employer from all other liability stemming from the employee's injuries, including "independent" causes of action by third persons (e. g., a loss of consortium claim by the spouse of the injured employee). The state substantive law of Kentucky, of course, will control. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The Kentucky Court of Appeals has yet to rule on the specific issue involved herein. However, two Kentucky decisions are relevant to the case at bar, and suggest their inclination.

In Kotsiris v. Ling, 451 S.W.2d 411 (1970), the Kentucky Court of Appeals held that a wife may now bring a cause of action for "loss of consortium" and that such is an "independent cause of action," not derivative of her husband's

injuries. Plaintiff argues that the "independent" cause of action established for wives by *Kotsiris* is not barred by the "exclusive remedy" provision of the Kentucky Workmen's Compensation Law. And, to support such a view, plaintiff cites three cases from Wisconsin, New Hampshire, and South Carolina, all state court decisions interpreting the respective state Workmen's Compensation Laws.[1]

■ We accept the Kentucky rule that a wife may bring an independent cause of action for loss of consortium due to the *tortious* injury of her husband, (*Kotsiris, supra*)[2]; but we do not accept the idea that said rule applies in Workmen's Compensation cases.

Workmen's Compensation was devised to take the whole field of occupational accidents and injuries out of the tort/negligence concept. To accomplish that purpose the Kentucky Workmen's Compensation Law provides prominently at its outset that if an employee elects to recover for his injuries under Workmen's Compensation, the employer is thereby insulated from *all other liability* arising out of the injury involved. KRS 342.015(1) provides:

> "Where at the time of the injury both employer and employe have elected to furnish or accept compensation under the provisions of this chapter for a traumatic personal injury, received by an employe by accident and arising out of and in the course of his employment . . . the employer shall be liable to provide and pay compensation under the provisions of this chapter and shall, except as provided in subsection (2) of this section and in KRS 342.170, *be released from all other liability*." (Emphasis added).

We, therefore, conclude that the "derivative" or "independent" nature of the wife's claim is irrelevant in Workmen's

Compensation cases, because the election of benefits under that statute insulates the employer from *all other liability*.

Actually, the Kentucky Court of Appeals has ruled that *even independent claims are barred* under the statute. In Davis v. Solomon, 276 S.W.2d 674 (1955), the court held that a wrongful death claim was barred by the acceptance of the employer and the employee/decedent of the compensation act. Commissioner Clay stated in reaching the decision that:

> "The purposes of the Act would be defeated if *independent actions* to recover damages for injuries or death caused by a compensable accident were permitted." Sturgill's Adm'r. v. Howard, 218 Ky. 57, 290 S.W. 1048; 'Morrison v. Carbide and Carbon etc. Corp., 278 Ky. 746, 129 S.W.2d 547.

> We are of the opinion that the Workmen's Compensation Act exclusively governs proceedings to recover for death; . . . and that whatever rights exist must be asserted before the Workmen's Compensation Board." 276 S.W.2d 674, 676. (Emphasis added).

■ We reach the conclusion, therefore, that a wife's independent cause of action for loss of her husband's consortium is barred when the husband/employee and his employer elect to proceed under the state Workmen's Compensation Law. To rule otherwise would be to defeat the purpose of the Kentucky Workmen's Compensation Law and the intent of the Kentucky General Assembly.

Wherefore, in view of the absence of a genuine issue of material fact, it is hereby ordered and adjudged that defendant's motion for summary judgment, pursuant to Rule 56, F.R.Civ.P., be and is hereby sustained.

---

1. Of marginal relevance in the interpretation of Kentucky law.

2. *Kotsiris* was not a workmen's compensation case; it grew out of *tortious* injuries.