## MAYFIELD v. RICHARDS & Others.

IN ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Submitted April 22, 1885.—Decided May 4, 1885.

The act of June 11, 1864, 13 Stat. 123, "That whenever, during the existence of the present rebellion, any action, civil or criminal, shall accrue against any person who, by reason of resistance to the execution of the laws of the United States, or the interruption of the ordinary course of judicial proceedings, cannot be served with process, . . . the time during which such person shall so be beyond the reach of legal process shall not be deemed or taken as any part of the time limited by law for the commencement of such action," applies to cases in the courts of the States as well as to cases in the courts of the United States; and, as thus construed, is Constitutional.

*Stewart* v. *Kahn,* 11 Wall. 493, affirmed and applied.

The facts shown by the record were as follows: On March 30, 1860, Walter O. Winn, of the Parish of Rapides, in the State of Louisiana, made and delivered to the firm of Rotchford, Brown & Co., of the city of New Orleans, his nine promissory notes, each for the payment to their order of $5,000, four of which were to become due and payable on November 10, 1860, and five on December 10, 1860. Winn died in 1861, leaving a last will, which was afterwards duly proven, by which he made his wife Mary E. Winn his universal heir and legatee and executrix. As such she took possession of the estate. The nine notes payable to the order of Rotchford, Brown & Co. were presented to Mrs. Winn, as executrix, for her acknowledgment thereof as a debt against the succession of Winn, and she indorsed on each of them such acknowledgment, with a promise to pay the same in due course of administration. These indorsements all bore date November 1, 1865. Mrs. Winn continued in the office of executrix until September 30, 1873, when, by the order of the District Court for the Parish of Rapides, she was "destituted"—that is to say, removed— "from said executorship of the estate of Winn," and J. M. Wells, Jr., appointed dative testamentary executor of said succession.

On July 5, 1880, Wells, as such executor, filed a provisional account of his administration in the District Court for the Parish of Rápides, which had probate jurisdiction. In his account he recognized the nine notes above mentioned payable to the order of Rotchford, Brown & Co., which, in January, 1866, had been transferred by the payees to the appellant, John S. Mayfield, as valid claims against the succession, and proposed to apply the assets in his hands to their payment.

Mrs. Winn, under the name of Mary E. Richards, she having intermarried with A. Keene Richards, filed, with the authorization of her said husband, on January 11, 1881, her opposition to the allowance and payment of the notes, and stated her ground of opposition as follows: " The notes are prescribed and were prescribed at the date they were accepted by the executrix, the date of acceptance being written on the back of the notes long before they were accepted by the executrix, and accepted in error."

One John D. DuBose, a creditor of the succession, also opposed the recognition and payment of the notes, because " said nine notes were all prescribed long before they were pretended to be acknowledged by the executrix, Mrs. Mary E. Winn, and the acknowledgment was made by her in the City of New Orleans, Louisiana, in January or February, 1866, and not on the 1st day of November, 1865, as it purports."

There was no charge, and no attempt to prove that the antedating of the acknowledgment of the executrix had been fraudulently procured; and, if the notes were not prescribed until long after January, 1866, as contended by Mayfield, there was no motive to antedate the acknowledgment, and nothing to be gained by so doing.

The contention that these notes were prescribed was based on Article 3540 of the Civil Code of Louisiana, which declares that " notes payable to order or bearer  .  .  .  .  are prescribed by five years reckoning from the day when the engagements were payable." Mayfield contended that the notes had been admitted as valid debts against the succession of Winn by the executrix, on November 1, 1865, as appeared by her indorsement thereon, and, as such indorsement was made before the

expiration of five years after the maturity of the notes, it was effectual to suspend prescription, and the notes were, therefore, not prescribed. Upon the opposition of Mrs. Winn and DuBose the question whether the nine notes were prescribed was tried by the judge of the District Court in which the opposition was filed. He admitted evidence to show, and upon it decided, that the acknowledgment of Mrs. Winn, as executrix, indorsed upon the notes, and purporting to be dated November 1, 1865, was not in fact made on that day, but some time between the first and tenth days of January, 1866. As this was more than five years after the maturity of the notes, it was not competent for the executrix to acknowledge them, and they were apparently barred by the prescription of five years provided by the law of the State.

But the appellant, Mayfield, contended that the notes were saved from the prescription of five years, by the act of Congress of June 11, 1864, 13 Stat. 123, entitled "An Act in relation to the limitation of actions in certain cases," which provided that "whenever during the existence of the present rebellion any action, civil or criminal, shall accrue against any person who, by reason of resistance to the execution of the laws of the United States or the interruption of the ordinary course of judicial proceedings, cannot be served with process, . . . the time during which such person shall so be beyond the reach of legal process shall not be deemed or taken as any part of the time limited by law for the commencement of such action."

To bring the notes in controversy within the terms of this statute, Mayfield offered to the District Court evidence tending to show that Rotchford, Brown & Co., the payees, were domiciled in the City of New Orleans, and were doing business there when the city was taken by the Federal forces in 1862, and that Shepherd Brown, one of the members of the firm, was in the city in 1864, and that Mayfield, the appellant, was also a resident of New Orleans.

He also introduced testimony tending to show that the United States had no jurisdiction over the parish of Rapides during the war, except a military one, and that such military

jurisdiction lasted for but a short time; that the Federal troops came to Alexandria, the county seat of Rapides Parish, about March 17, 1864, and remained in possession thereof until about May 15, when they departed; that before leaving they burned the town of Alexandria, including the court-house, after which there was a state of disorganization, there was no court, and there were no officers in the parish until after July 9, 1865; that Mrs. Winn, the executrix, had gone as a refugee to Texas, and no service could have been made on her from the time the court-house was burned until she returned to Rapides Parish, in December, 1865. This testimony was uncontradicted.

Upon this evidence the District Court decided that, conceding that the acknowledgement of Mrs. Winn as executrix was not indorsed on the nine notes until some day between the first and tenth of January, 1866, yet the prescription of the notes was suspended by the act of Congress above recited for a period sufficient to save them from the bar of Article 3540 of the Code of Louisiana, and thereupon rendered judgment that the claim of Mayfield was a valid and legal debt due from the succession of Winn, and was properly placed in the provisional account as an ordinary claim.

Mrs. Winn and DuBose carried this judgment to the Supreme Court of Louisiana for review. That court, assuming that the facts which the evidence introduced in the District Court tended to prove were established, reversed the judgment of the District Court on the ground that the act of Congress on which Mayfield relied to suspend prescription applied only to causes and proceedings in the courts of the United States, and not to causes and proceedings in the courts of the States, and that the claim of Mayfield was therefore prescribed when Mrs. Winn, the executrix, undertook to acknowledge it in January, 1866.

The present writ of error, sued out by Mayfield, brought the judgment of the Supreme Court of Louisiana under review.

*Mr. E. T. Merrick* for plaintiff in error.

*Mr. Gus. A Bredux* for defendants in error.

MR. JUSTICE WOODS, after stating the facts in the foregoing language, delivered the opinion of the court.

It is well settled in Louisiana that when a claim against a succession has been formally acknowledged by the executor or administrator, no suit should be brought upon it, and no suit or other proceeding is necessary to prevent prescription as long as the property of the succession remains in the hands of the executor or administrator under administration. *Renshaw* v. *Stafford*, 30 La. Ann. 853; *Maraist* v. *Guilbeau*, 31 La. Ann. 713; *Porter* v. *Hornsby*, 32 La. Ann. 337; *Cloutier* v. *Lemée*, 33 La. Ann. 305; *Johnson* v. *Waters*, 111 U. S. 640. If, therefore, the acknowledgment of Mrs. Winn, executrix, made in January, 1866, were made before the notes were prescribed, prescription has been suspended ever since, for the succession of Winn is still under administration. The notes were all barred in November and December, 1865, by the prescription of five years established by Article 3540 of the Civil Code of Louisiana, unless prescription was suspended by the act of Congress above recited. The case, therefore, turned in the Supreme Court of Louisiana upon the question whether the act of Congress was applicable. That court decided that it was not, and denied to the appellant the right set up and claimed by him under that statute. If the decision of the Supreme Court of Louisiana was wrong upon this point, this court has jurisdiction to review and reverse its judgment. Rev. Stat. § 709.

The facts of the case, as shown by the record, bring it within the terms of the act of Congress. The parish of Rapides was within the Confederate lines during the entire period of the civil war, except for a few weeks, when it was occupied by the Federal troops. The authority of the United States was reestablished over the City of New Orleans on May 1, 1862. The payees of the notes were shown to have been domiciled in the city at that time, and as there is no evidence that they afterwards changed their domicil, the presumption is that it continued unchanged. *Desmare* v. *United States*, 93 U. S. 605. Mayfield is shown to have been a resident in New Orleans. It appears, therefore, that the executrix of the succession of Winn was within the Confederate lines, and the payees and

the endorsee of the notes within the Federal lines. Under these circumstances they could not lawfully institute proceedings against the succession of Winn, in the parish of Rapides, to enforce the payment of the notes, for intercourse across the military lines was forbidden by law. Moreover, while the prescription of five years was running, the courts of the parish, which alone had jurisdiction of the succession of Winn, were closed for more than a year, a period well described by Lord Coke : "So, when by invasion, insurrection, rebellion, or such like, the peaceable course of justice is disturbed and stopped, so as the courts of justice be, as it were, shut up *et silent leges inter arma*, then it is said to be time of war." Co. Lit. 249 *b*.

The case, therefore, falls within the letter of the act of Congress ; and if that act applies to and governs cases in the courts of the States, the judgment of the Supreme Court of Louisiana was erroneous.

The question thus raised was expressly decided by this court in the case of *Stewart* v. *Kahn*, 11 Wall. 493, where it was held that the act applied to cases in the courts of the States as well as of the United States, and that thus construed the act was constitutional. We are satisfied with the judgment of the court in that case, and are unwilling to question or re-examine it. The decision in *Stewart* v. *Kahn* was followed by the Supreme Court of Louisiana in *Aby* v. *Brigham*, 28 La. Ann. 840.

These cases are conclusive of the present controversy, and, adhering to the ruling made in them, we are of opinion that the notes held by Mayfield were not prescribed, and that

*The judgment of the Supreme Court of Louisiana should be reversed, and the cause remanded to that court, with directions to enter judgment that the claim of Mayfield, based on the nine notes of Walter O. Winn, is a legal and valid debt due from his succession, and that it was properly placed in the provisional account of the dative testamentary executor as an ordinary claim ; and it is so ordered.*