## COMMISSIONER OF INTERNAL REVENUE v. WILSON.
### No. 611.

Circuit Court of Appeals, Tenth Circuit.
Aug. 24, 1932.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, A. H. Conner, Sp. Assts. to Atty.

Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Bruce A. Low, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Louis Loeffler, of Bristow, Okl., filed a brief for respondent.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

On April 3, 1923, respondent filed her income tax return for 1922. On June 4, 1927, the Commissioner mailed a notice asserting a deficiency of $2,969.76. Respondent petitioned the Board of Tax Appeals for a redetermination on the single ground that the proposed assessment was barred by the applicable statute of limitations. The Board sustained her contention, two members dissenting. 23 B. T. A. 644. The Commissioner appeals.

Section 277 (a) (2) of the Revenue Act of 1926, 44 Stat. 58, 26 USCA § 1057 (a) (2), provides that income taxes imposed by the act of 1921 shall be assessed within 4 years after the return is filed. The four years expired on April 3, 1927; a deficiency determined in June, 1927, is therefore too late, unless the statute was tolled. The Commissioner contends that the statute was tolled by these facts: On March 9, 1927—some 25 days before the statute ran—the Commissioner mailed the respondent a notice asserting a deficiency of $251.06, which the respondent paid without petitioning the Board of Tax Appeals for a redetermination. This deficiency, and the deficiency of $2,969.76 now in suit, were on account of the 1922 tax, but were otherwise unrelated.

The section relied upon by the Commissioner is section 277 (b) of the Revenue Act of 1926, 44 Stat. 58 (26 USCA § 1057 note) which reads: "The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter."

Subdivision (a) of section 274 (26 USCA § 1048) referred to reads: "If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this title, the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final."

The Commissioner's position is that the limitations statute was suspended for all purposes for 120 days after March 9; that it did not again commence to run until July 7, and did not bar assessments until August 1. The respondent's position is that the statute is tolled only for the purpose of enabling the Commissioner to assess and collect the particular deficiency covered by the notice, the mailing of which is a condition of the suspending of the statute.

■ Each of the parties argues that the wording of these sections excludes every other construction except his own. If the wording is clear and unambiguous, it ends the inquiry, unless a literal construction leads to an impossible conclusion or one clearly at variance with the intent of Congress. United States v. Mo. Pac. Ry. Co., 278 U. S. 269, 277, 49 S. Ct. 133, 73 L. Ed. 322; Fleischmann Construction Co. v. United States, 270 U. S. 349, 360, 46 S. Ct. 284, 70 L. Ed. 624; Darby-Lynde Co. v. Alexander (C. C. A. 10) 51 F. (2d) 56, cert. denied 284 U. S. 666, 52 S. Ct. 40, 76 L. Ed. ——. The Commissioner points out that the section suspends the statute on the making of "assessments" in respect of "any" deficiency, words which he says are inconsistent with confining its effect to a particular deficiency, or to a particular part of the deficiency of a taxable year. To which respondent answers that the section is applicable to all taxpayers, for all years covered by the act, and that such use of the plural was unavoidable, proper, and without significance. Respondent then, in turn, points out that the section is not operative until "after the mailing of a notice under subdivision (a) of section 274," and that here the singular "a" is used; that the effective words of the section are in the singular and not the plural, i. e., "be suspended for the pe-

riod during which the Commissioner is prohibited from making *the* assessment." She also points out that section 274(a), upon which the section involved is hinged, speaks throughout of "a" deficiency and "the" deficiency, studiously avoiding the plural. While it seems to us that the respondent has somewhat the better of this verbal battle, we think the language used is flexible enough to permit of whichever construction fits the more snugly into the general legislative plan as disclosed by a study of the entire statute. Our first duty is to ascertain the true intent of Congress, Moffat Tunnel Imp. Dist. v. Denver & S. L. Ry. Co. (C. C. A. 10) 45 F.(2d) 715, 723, cert. denied 283 U. S. 837, 51 S. Ct. 485, 75 L. Ed. 1448; Balanced Rock Scenic Attractions v. Town of Manitou (C. C. A. 10) 38 F.(2d) 28, cert. denied 281 U. S. 764, 50 S. Ct. 463, 74 L. Ed. 1172; Darby-Lynde Co. v. Alexander, supra; and to do that, we must have regard for the general legislative purpose, United States v. Katz, 271 U. S. 354, 357, 46 S. Ct. 513, 70 L. Ed. 986.

▇ The purpose of the limitations statute was to fix a time beyond which steps to enforce collection of a tax might not be initiated. Congress intended that when the period of limitation had run, the taxpayer should no longer be subject to uncertainty as to his liability to the government. It is a statute of repose, and subject to the rule "which requires taxing acts, including provisions of limitation embodied therein, to be construed liberally in favor of the taxpayer." United States v. Updike, 281 U. S. 489, 496, 50 S. Ct. 367, 369, 74 L. Ed. 984; Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 349, 47 S. Ct. 389, 71 L. Ed. 676; Old Colony R. Co. v. Commissioner, 284 U. S. 552, 52 S. Ct. 211, 76 L. Ed. 484. Section 277(a) fixed this time at four years. What was the purpose of section 277(b) which suspends the statute for 120 days under certain circumstances? To ascertain that purpose, we may look to the entire statute and to earlier or later ones; a construction should then be given to the section which is in harmony with such purpose. Bowers v. N. Y. & Albany Co., supra. A survey of the administrative provisions of the 1926 Act leaves no room for doubt as to the purpose of section 277(b).

▇ Section 274(a) gives the taxpayer the right to petition the Board of Tax Appeals for a redetermination of a deficiency within 60 days after notice thereof is mailed; it further provides that no assessment shall be made "until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final." Manifestly the time in which the Commissioner may not assess should not be charged against him. Manifestly too, he should be granted a reasonable time in which to assess after he is free to act. The general purpose, then, of the subsection is to compensate the Commissioner for time taken from his 4 years; to make the 4-year limitation uniform in application; and to guard against the shortening of the period because of the prohibition in section 274(a). The Conference Committee aptly describes the subsection as suspending the statute "for the period during which, for any reason the Commissioner's hands are tied, and in addition assures him a period of at least 60 days after he is free in which to make the assessment or bring proceedings for collection."

There remains the inquiry, Was the Commissioner free to initiate proceedings to collect the item of $2,969.76 at any time during the 4-year statutory period? If he was, there is no reason why the time should be extended. If he was prohibited from moving as to this item, after his notice of the deficiency of $251.06, mailed on March 9, then the statute should stand suspended until 60 days after he was free to act. On this question the parties are in accord; both agree that the March 9 notice did not circumscribe his power to proceed as to the tax here involved. The Commissioner does not exhaust his power to determine, within the statutory period, the tax legally due, by mailing a notice of part of the deficiency. He has the power, within the period of limitations, to make such reexaminations, redeterminations, and reassessments as may be necessary to collect the entire deficiency. Holmquist v. Blair (C. C. A. 8) 35 F.(2d) 10.[1] The statute does not prohibit the assertion of additional deficiencies because a notice is outstanding as to a deficiency of the same year. On the contrary, the legislative history makes it entirely clear that Congress intended that the Commissioner should have such power. Section 274(f), as it passed the House, provided that after the Commissioner had notified the taxpayer of a deficiency, he should have no right to determine an additional deficiency for the same taxable year, except in circumstances not here

[1] This case deals with sections 1309 and 1312 of the Revenue Act of 1921. These sections were re-enacted as sections 1105 and 1106(b) in the Revenue Act of 1926 (26 USCA § 1248, and § 1249 note).

present. The Senate adopted the recommendation of its Finance Committee "that this provision be confined to cases where the taxpayer has appealed to the Board." The House concurred. H. R. Rept. No. 356, 69th Cong. 1st Sess. pp. 39, 40. This section, section 274(f) of the act (26 USCA § 1048d) now reads: "If after the enactment of this Act the commissioner has mailed to the taxpayer notice of a deficiency as provided in subdivision (a), and the taxpayer files a petition with the board within the time prescribed in such subdivision, the commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subdivision (e) of this section or in subdivision (c) of section 279."

In event a petition is filed with the Board, jurisdiction is conferred upon it to increase the deficiency asserted by the Commissioner, and to determine that additional tax or penalties be assessed, if claim therefor is asserted by the Commissioner before the hearing. Section 274(e) of the act (26 USCA § 1048c). Reading these statutes together, we find a logical system without overlap: the Commissioner's authority to redetermine a deficiency is plenary until the taxpayer files a petition with the Board; from that moment on, power over that taxable year is exclusively with the Board, except where a jeopardy assessment is necessary, or in case of fraud.

The conclusion is inescapable, therefore, that the Commissioner was free to initiate steps to collect the tax here involved for the full four years of the limitation statute. The statute is suspended only "for the period during which the Commissioner is prohibited from making the assessment," and for 60 days thereafter. No such period existed as to this tax. The Treasury Regulations relied upon by the Commissioner (Reg. 69, arts. 1232, 1271) are negative upon the point here involved. We read them as in accord with the statutes; if they are in conflict, the statutes prevail. The civil war cases, Hanger v. Abbott, 6 Wall. 532, 18 L. Ed. 939; Braun

v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895; Mayfield v. Richards, 115 U. S. 137, 5 S. Ct. 1187, 29 L. Ed. 334, are cited as opposed. But they are not; they hold, as we hold, that the statute does not run where a plaintiff's hands are tied. They do not hold that if a plaintiff is prevented by war from suing in Alabama, the statute is likewise suspended in New York where the courts are open to him; yet that is the substance of the Commissioner's claim here; because he could not assess on one item, he claims the statute is also suspended as to items where he was free to act.

The Commissioner argues that, so construed, an anomaly is reached in this, that if the respondent had filed a petition with the Board on the $251.06 item, the Board could have determined that the $2,969.76 was due; that the question of whether this tax is collectable turns, therefore, on the voluntary action of the taxpayer. This argument assumes that the Board may determine that a tax is due which is barred by the statute, an assumption which may be quite debatable. But even so, is there an anomaly? The government had four full years in which to make the assessment, and it is not anomalous that Congress considered it fair, after the 4 years expired, to give the taxpayer the privilege of settling forever his tax liability for the year involved in return for prompt payment of the only deficiency asserted during the 4-year period. A more serious anomaly results from the construction urged by the Commissioner; for if the mere assertion of a part of the deficiency extends the statute 120 days for all purposes, the statute could be tolled indefinitely by the simple expedient of successive notices of other parts of the deficiency.

We are of the opinion that Congress intended, by section 277(b), to do no more than to suspend the statute for the period during which the Commissioner was prohibited from action, and for 60 days thereafter. The Commissioner was not prohibited from acting on the tax here involved during the 4 years prescribed by section 277(a)(2). The proposed assessment is therefore barred, and the decision of the Board affirmed.