## ROWAN COTTON MILLS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5178.

Circuit Court of Appeals, Fourth Circuit.

Jan. 10, 1944.

J. Gilmer Korner, Jr., of Washington, D. C., for petitioner.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SOPER, Circuit Judge, and CHESNUT and WARING, District Judges.

SOPER, Circuit Judge.

This proceeding involves a deficiency in unjust enrichment or windfall tax for the

278

year 1935 in the sum of $33,969.97 and a deficiency penalty of $6,793.99; and the principal question is whether the Commissioner of Internal Revenue is precluded from asserting the claim by § 272(f) of the Revenue Act of 1934, 48 Stat. 680. The section provides in effect that if the Commissioner mails to a taxpayer a notice of deficiency in respect to a tax imposed by Title I of the statute, and the taxpayer files a petition with the Board of Tax Appeals within ninety days for a reduction of the deficiency, the Commissioner shall have no right to determine any additional deficiency in respect to the same taxable year.* In the pending case the taxpayer makes no defense on the merits to the assessment of an unjust enrichment tax for the year 1935 but claims that the tax cannot be collected because the Commissioner mailed the taxpayer a notice of deficiency of its income and excess profits tax for the year 1935 and the taxpayer petitioned for a redetermination thereof within ninety days. We must decide whether under such circumstances the prohibition of the statute against the determination of "any additional deficiency in respect of the same taxable year" covers a deficiency in the windfall tax.

The taxpayer filed an income and excess profits tax return for the year 1935 with the Collector of Internal Revenue of the District of North Carolina. The return showed a net income of $82,232.48 on which an income tax of $11,306.97 and an excess profits tax of $351.02 were assessed. On September 13, 1937 the Commissioner mailed a notice which showed an adjusted net income of $149,085.86 and a deficiency in the two taxes of $9,192.34 and $3,385.61, under Title I and Title V of the Act, respectively, 26 U.S.C.A. Int.Rev.Acts, pages 664 et seq., 787 et seq. The principal adjustment was the addition to the net income of the processing tax in the sum of $129,136.35, less a rebate thereof in the sum of $57,604.77. It was explained that the addition of $129,136.35 was made because the processing tax had not been paid by the taxpayer and therefore was not an allowable deduction, but that the rebate of $57,604.77 was allowed because it represented an amount due customers under contracts between them and the taxpayer.

On December 10, 1937, the taxpayer petitioned the Board for a redetermination of the deficiency in which it pleaded that it had not received any benefit from the processing tax which the Commissioner proposed to restore to income, although he had not at the time issued a ninety day letter in respect thereto. The Commissioner answered the taxpayer's petition setting up the contention that he had erred in allowing the deduction of $57,604.77 and therefore the adjusted net income and the deficiency determined should be increased. After numerous conferences between the parties relating to the income tax and the excess profits tax, an agreement of settlement was reached subject to the Commissioner's approval and was signed by the taxpayer. The agreement provided that the taxable income for 1935 shown by the Commissioner's notice of September 13, 1937, should be increased in the net amount of $48,144.49 in respect to the processing tax, but that this amount would be allowed as a deduction from the taxpayer's tax liability for the year 1936. It was also agreed that the taxable net income for 1935 was $190,330.85 and the taxable net income for 1936 was $37,496.24,

* Title I of the statute includes the following:

"§ 272 (a) Petition to Board of Tax Appeals. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *"

"§ 272 (e) Increase of Deficiency After Notice Mailed. The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing."

"§ 272 (f) Further Deficiency Letters Restricted. If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, * * *". 26 U.S.C.A. Int.Rev.Acts, pages 743, 744.

and that the settlement when approved should definitely close the) federal income tax matters of the taxpayer for the years 1935 and 1936, and that all other issues were waived and no new issues were to be raised.

On June 24, 1938, counsel for the taxpayer and for the Commissioner stipulated in writing that there was a deficiency in the income tax of $14,863.52 and a deficiency in the excess profits tax of $5,447.86 for the year 1935 and a decision to that effect was entered by the Board on June 25, 1938, and the case was closed.

During the conferences about the liability of the taxpayer in respect to income taxes and excess profits taxes, nothing was ever said by any one about the liability of the taxpayer for the tax on unjust enrichment for the year 1935 under Title III of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 944 et seq. The parties had in mind only the taxpayer's liability for income and excess profits taxes based upon its return as to these taxes for the year 1935.

The taxpayer's return for the tax on unjust enrichment for the year 1935 pursuant to Title III of the Revenue Act of 1936 was filed on June 15, 1937. It showed no tax liability, and no deficiency in the tax had been determined by the Commissioner at the time of the conferences above described. When the Commissioner finally audited the return he determined a tax liability of $33,969.97 plus a penalty of $6,793.99 for delinquency in filing the return and mailed a notice thereof to the taxpayer on May 12, 1941. In his determination the Commissioner stated that the tax on unjust enrichment imposed by Title III was in addition to all other taxes on net income. The taxpayer filed its petition for redetermination in the present proceeding on July 14, 1941.

On June 2, 1942, the taxpayer filed a motion that the hearing in the first instance be limited to the question whether the Commissioner had authority to determine any deficiency in the unjust enrichment tax in view of the settlement of the taxpayer's income tax and excess profits tax liabilities that had been made. The motion was granted and the evidence at the hearing was accordingly limited. Subsequently the case was restored to the general calendar for hearing upon all the issues. The taxpayer elected to stand on its plea to the jurisdiction of the Commissioner and of the Tax Court to determine any additional deficiency for the year 1935 and elected not to offer evidence on any other issue. The court concluded that the Commissioner was not barred from assessing the deficiency and rendered the decision to which this petition for review is directed.

The taxpayer relies upon the express terms of § 272(f) of the statute that if the Commissioner mails a deficiency notice to the taxpayer and the taxpayer files a petition for redetermination with the Board, "the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year * * *". The argument proceeds in the following manner: Beginning with the basic enactment in the Revenue Act of 1926, Congress, by divers statutes, conferred upon the Board of Tax Appeals jurisdiction of the taxpayer's appeal to redetermine his liability for income, estate and gift taxes; and as additional taxes were from time to time imposed, the Board was given jurisdiction over them by reference to the basic Act. One of the additional taxes so imposed was the tax on unjust enrichment which was added by the Revenue Act of 1936 and this tax, it is admitted, is an additional income tax. The procedure thus devised enables the taxpayer to pay the tax determined by the Commissioner and sue for refund, or if he prefers, appeal to the Board from the determination; and if he pursues the latter course, the decision of the Board is final if no petition to review its decision is filed, and thereupon, the rights of the parties become fixed and neither party may reopen the controversy in any court. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 727, 49 S.Ct. 499, 73 L.Ed. 918; Commissioner v. Wilson, 10 Cir., 60 F.2d 501.

Furthermore, since the taxpayer is given full opportunity by the statute to raise any question relating to its liability for income tax, the decision of the Board is final and conclusive even though it would have been different if another issue not presented to the Board had been raised and decided. Thus in Bankers' Reserve Life Co. v. United States, 44 F.2d 1000, 71 Ct.Cl. 279, the question decided in ascertaining the deductions from income, to which the Insurance Company was entitled, related to a deduction for taxes and expenses; and no reference was made to a deduction based upon the company's reserve. A calculation of the allowable deduction for the latter purpose, subsequently made, showed that

the taxpayer would have been entitled to a deduction of large amount, but it was nevertheless held that the Board's decision was final and could not be reopened. The court said (page 1003 of 44 F.2d): "* * * The fact that the precise question presented here was not considered and determined by the board is not material. The plaintiff had the undoubted right by proper allegations in its petition to set up its claim for an overpayment before the board and to raise the question of the validity of any part of its taxes before the board and carry such question on to the courts, had it seen fit to do so. Not having availed itself of the opportunity to litigate its right to a refund of the taxes assessed against it under section 245(a) of the Revenue Act of 1921, in the forum of its own selection, which had ample authority to determine the same, it cannot be heard to say it has been denied its day in court."

So it is said in the pending case that as the unjust enrichment tax under consideration is a form of income tax, any question concerning it should have been raised by the Commissioner in the deficiency notice or at the hearing, and not having been raised in this way, it is forever closed.

These contentions, however, do not touch the point that the procedure prescribed in § 272 of the Revenue Act of 1934 relates to taxes imposed by Title I of the Act, that is, income and excess profits taxes, while the procedure for additional income taxes, such as the windfall tax is prescribed by Title III of the Revenue Act of 1936. Section 272(f) of the 1934 Act refers to the notice of deficiency prescribed in § 272(a) which in terms applies to "a deficiency in respect of the tax imposed by this title". The windfall tax, although in its nature an income tax, is a separate and distinct tax. It had no existence when the Revenue Act of 1934 was passed or when the taxpayer's income tax return for the year 1935 was filed. It came into being after the processing tax was declared unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. It was included in the Revenue Act of June 27, 1936, 49 Stat. 1648, as Title III of the statute. Separate returns for the tax were required by § 503(b) of the statute, 26 U.S.C.A. Int.Rev.Acts, page 948, to be filed on dates which differed from those for returns of the normal income tax. The income tax returns of the taxpayer in the pending case for the year 1935 were required to be filed on or before March 15, 1936, while the unjust enrichment return for the year 1935 was required to be filed not later than September 27, 1936. It was not actually filed until June 15, 1937. It is obvious that the procedural provisions of § 272 of the Act of 1934 could have had no reference to the ascertainment of the deficiency in the windfall tax which did not come into being until 1936.

It is true, as the taxpayer points out, that § 503 of Title III of the Revenue Act of 1936 prescribes (with certain irrelevant exceptions) that "all provisions of law (including penalties) applicable with respect to taxes imposed by Title I of this Act, shall, insofar as not inconsistent with this title, be applicable with respect to the taxes imposed by this title". This provision, however, does not require that the Commissioner in sending a notice of deficiency in respect to ordinary income and excess profits taxes shall also include his determination with respect to the tax on unjust enrichment. The more reasonable construction is that the deficiencies may be handled in separate notices and that the same procedure shall be followed as to each tax so that if the Commissioner mails a notice to the taxpayer of a deficiency in the windfall tax, and the taxpayer appeals to the Board, no additional deficiency of this tax can be determined unless the Commissioner asserts it at or before the hearing. In short, the statute does not require that a Title I notice of deficiency must embrace a Title III notice of deficiency, or vice versa. The inclusion by Congress in Title III of the procedural provisions for the determination of deficiencies by reference to the analogous provisions in Title I of itself suggests that the windfall tax is a separate and distinct tax for which it was necessary to provide administrative procedure. Although the new tax was an additional income tax, Congress deemed it necessary to make provision for the determination of deficiencies in addition to that already made for income tax deficiencies in Title I.

A similar separation exists with regard to estate taxes and gift taxes, § 871 of the Internal Revenue Code relating to estate taxes and § 1012 of the Code relating to gift taxes. They contain substantially similar procedural provisions including the finality of the Board's decision, as are found in § 272 of the 1934 Act in regard to income

taxes. The taxpayer gives much significance to the fact that the procedural provisions relating to estate and gift taxes are in each case full and complete and are not incorporated merely by reference to the analogous provisions in Title I of the statute. The argument seems to be that if all additional estate taxes are to be included in one deficiency notice and all additional gift taxes are to be similarly treated, therefore all additional income taxes must be included in one deficiency notice. However, this argument, like the foregoing, does not take into consideration the important fact that § 272 relates to deficiency notices under Title I of the 1934 Act, while the windfall tax is covered by Title III of the 1936 Act.

The additional argument is made on behalf of the taxpayer that the interpretation urged by the Commissioner is unsound because it leads to results that are impracticable and absurd from an administrative standpoint. It is pointed out that § 502 of the Revenue Act of 1936, 26 U.S. C.A. Int.Rev.Acts, page 948, provides for a credit upon the windfall tax, the amount of which depends upon the amount of income and excess profits taxes; and it is suggested that if the Commissioner should first determine the amount of the windfall tax and make the proper deduction for income and excess profits taxes based on the taxpayer's return thereof, and if this determination should become fixed after a deficiency hearing before the Board, it could never be changed thereafter even if it should be found in a later deficiency proceeding relating to income and excess profits taxes that the deduction based on the taxpayer's return thereof was incorrect. The argument on its face seems convincing but in actual practice the Commissioner usually determines the normal income tax first as was done in the pending case. Indeed, since the amount of the windfall tax depends upon the amount of the income and excess profits taxes, the statute seems to contemplate that the latter be first determined. It has been the consistent practice of the Commissioner to cause the taxes under Titles I and III to be handled by separate units of the Bureau of Internal Revenue and no effort has been made to merge the deficiency determinations under Title III of the Act. The separateness of the Windfall tax and of the propriety of distinct administrative treatment is further emphasized by § 503(c) of the Act of 1936 which permits the Commissioner to grant an extension of three years in the payment of the tax if hardship would result from enforced payment thereof. Less favorable extension is provided by § 272(j), in case of deficiencies under Title I. These considerations lead us to conclude that the Commissioner was not precluded from making a determination of a deficiency in the unjust enrichment tax after the amount of the income and excess profits taxes had been settled by agreement.

This conclusion, however, does not apply to the imposition of the penalty of $6,793.99 for delinquency in filing the unjust enrichment tax return. The Tax Court does not seem to have given separate consideration to this matter. At the hearing the taxpayer introduced in evidence a letter dated May 29, 1942, addressed to it by the Collector of Internal Revenue, stating that the time for filing the return had been extended to June 15, 1937, on which date the return was in fact filed. The Commissioner offered no evidence on the point. He now contends, however, that the taxpayer waived any defect in this respect by proceeding solely upon the ground that the Commissioner had no right to issue a second deficiency letter, and that on this account the government took no steps to contradict the evidence offered by the taxpayer with regard to delinquency. The Tax Court itself made no specific finding on the point. We do not think that the taxpayer is precluded from challenging the imposition of the penalty by failing to offer any evidence as to the amount of the tax, and restricting its defense as outlined herein. While it offered no evidence as to the amount of the tax due, it did offer evidence tending to show that the return was not delinquent; and since no finding was made by the Tax Court, the case as to the penalty must be remanded for further proceedings.

Affirmed in part and remanded for further proceedings.