**UNITED STATES of America**

v.

**Dan C. SIMONS, et al.**

**Civ. No. 92–C–1071B.**

United States District Court,
D. Utah,
Central Division.

March 22, 1994.

Kirk Lusty, Washington, DC, for plaintiff.

David Ross, Salt Lake City, UT, for defendant.

## MEMORANDUM DECISION AND ORDER

BENSON, District Judge.

This case came on regularly for hearing March 7, 1994, at 4:00 p.m., on all pending motions. The plaintiff was represented by Kirk C. Lusty. The defendants were represented by David E. Ross II and Parker M. Nielson. The Court heard oral argument, ruled on two motions, and took the defendants' Motion for Partial Summary Judgment under advisement.

The Court, being fully advised in the matter, having heard oral argument, having reviewed all memoranda, and good cause appearing, hereby enters the following Memorandum Decision and Order regarding the defendants' Motion for Partial Summary Judgment.

### Background

The United States has filed suit against Dan C. Simons, his wife Sally J. Simons, and trustees of certain trusts, alleging causes of action arising from tax liabilities purportedly incurred by the Simonses during the tax years 1974, 1982, and 1987. Specifically, the United States seeks 1) to reduce federal income tax assessments against the Simonses to judgment; 2) to set aside as fraudulent certain transfers of real property by the Simonses into various trusts, or to find that the Simonses are equitable owners of the property; and 3) to foreclose federal tax liens on the property.

The defendants have moved for partial summary judgment, arguing the United States is barred by the applicable statute of limitations from collecting the 1974 tax. The defendants further argue that because the 1974 tax is unenforceable, the liens associated with that tax automatically expire.

The plaintiff argues that Congress amended the statute of limitations in question, extending the time for filing suit to collect the tax. The plaintiff further argues that it filed its claim against the defendants within that

extended time period, entitling it to proceed in this lawsuit.

### Undisputed Facts

1. On July 25, 1983, the United States, acting pursuant to an Order entered by the U.S. Tax Court, assessed the Simonses with tax liability for the 1974 tax year. The existing statute of limitations gave the United States six years or any period agreed upon between the parties to file suit or levy to collect the tax.

2. On January 24, 1989, the Simonses signed a Tax Collection Waiver, agreeing to extend the six-year statute of limitations period an additional three months. The parties also agreed that the statute of limitations would be further extended during the pendency of any Offer in Compromise, plus one year.

3. On February 2, 1989, the Simonses filed an Offer in Compromise, attempting to settle the purported tax liability.

4. On June 18, 1990, the United States rejected the Simonses' proposed Offer in Compromise.

5. On June 18, 1991, the statute of limitations agreed upon between the parties expired.

6. On December 14, 1992, the United States filed suit to collect on the 1974 tax assessment.

### Discussion

Based on the facts in this case, the defendants argue that the United States' suit to collect the 1974 tax was untimely. Without question, the United States filed its claim against the Simonses outside the period agreed upon between the parties. However, the United States argues it timely filed suit because Congress amended the six-year statute of limitations during the period agreed upon between the parties, extending the statute of limitations to ten years. *See* I.R.C. § 6502(a) (Supp.1993). Under the amended statute, the plaintiff argues, the United States had until July 25, 1993, to file suit and thus timely filed.

The six-year statute in effect when the United States issued the 1974 tax assessment read:

§ 6502. Collection after assessment

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6–year period....

I.R.C. § 6502(a) (1986) (amended 1990).

In 1990, Congress amended section 6502(a). *See* Public Law 101–508 § 11317. The amending language reads:

(a) In General.—Subsection (a) of section 6502 (relating to collection after assessment) is amended—

(1) by striking "6 years" in paragraph (1) and inserting "10 years", and

(2) by striking "6–year period" each place it appears in paragraph (2) and inserting "10–year period".

*Id.* § 11317(a). Congress also provided guidance for applying the amendment to cases in which taxes had already been assessed but not yet collected:

(c) EFFECTIVE DATE—The amendments made by this section shall apply to—

(1) taxes assessed after the date of the enactment of this Act [Nov. 5, 1990], and

(2) taxes assessed on or before such date [Nov. 5, 1990] if the period specified in section 6502 of the Internal Revenue Code of 1986 (determined without regard to the amendments made by subsection (a)) for collection of such taxes has not expired as of such date.

*Id.* § 11317(c).

The parties do not dispute that subsection (c)(1) of this Public Law section does not

alter the outcome of this case. The taxes at issue were assessed in 1983, well before the date of the 1990 amendment. The question is whether subsection (c)(2) applies in the instant case to change the applicable statute of limitations.

■ The plain language of subsection (c)(2) states that the 1990 amendments apply "if the period specified in section 6502" has not expired as of November 5, 1990. Accordingly, the Court looks to section 6502 to determine whether the period specified there had expired as of the effective date of the amending Act.

Section 6502(a), prior to the 1990 amendment, prescribed a statute of limitations of either six years *or* any period agreed upon between the parties.

> The use of "or" in the statute means that Congress intended that limitations should be determined either by reference to a six-year period, or alternatively by reference to a measure established by agreement between the taxpayer and the government.... Thus when the alternative measure [is] established by waiver agreement, the six-year statutory limitation period ... cease[s] to have any relevance in the determination of the timeliness of the government's action.

*United States v. Newman,* 405 F.2d 189, 197–98 (5th Cir.1968); *see also Knutzen v. Eben Ezer Lutheran Housing Center,* 815 F.2d 1343, 1349 (10th Cir.1987) ("[U]nless the context or congressional intent indicates otherwise, the use of a disjunctive in a statute and regulations indicates that alternatives were intended.") (citing *Newman* ). Thus, for purposes of the instant case, the "period specified in section 6502" is determined by the agreement between the taxpayer and the government referred to in subsection (a)(2), not by the six-year period referred to in subsection (a)(1). *See* I.R.C. § 6502(a) (1986) (amended 1990).

In the instant case, the waiver agreement between the parties set the end of the limitations period at a date certain: the date the government acted on the defendants' Offer in Compromise, plus one year. *Cf. United States v. Ressler,* 576 F.2d 650, 652 (5th Cir.1978). The date for the running of the statute of limitations in this case fell on June 18, 1991.

The government would argue on this basis that the "period specified in section 6502" had not yet expired as of November 5, 1990, and that the amended statute, with its ten-year limitations period, would thus govern the timeliness of this suit. That argument, however, ignores both the disjunctive of section 6502(a) and the amending language of the relevant Public Law. By agreeing with the taxpayers on a date certain outside of the six-year limitations period, the government rendered null the six-year period expressed in subsection (a)(1) of section 6502. *See Newman, supra.* Consequently, the 1990 amendment changing the period expressed in subsection (a)(1) from six years to ten years has no application in the instant case, where the parties were proceeding under a limitations period set by subsection (a)(2).

The only remaining question is whether the amendment to subsection (a)(2) extended the limitations period agreed upon between the parties. The plain language of the amendment clearly does not. The amended version of section 6502(a)(2) still sets the expiration of the limitations period at a date agreed upon between the parties. Based on the language of the 1990 amendment, the date agreed upon between the United States and the taxpayers in this case continued to govern after the amendment.

The conclusion urged by the United States would thus run contrary to congressional intent as established by standard rules of construction. *See Knutzen v. Eben Ezer Lutheran Housing Center,* 815 F.2d 1343, 1349 (10th Cir.1987); *Commissioner v. Wilson,* 60 F.2d 501, 503 (10th Cir.1932). To conclude otherwise would be to revive a fixed-year limitations period already rendered *functus officio* by agreement of the parties. *Cf. Newman, supra.*

Because the United States filed suit after June 18, 1991, the limitations date agreed upon between the parties, its suit is barred as untimely to the extent it attempts to collect on the 1974 tax assessment. Congress's

1990 amendment to section 6502(a) does not alter this outcome.

The defendants argue that once the 1974 tax assessment becomes unenforceable because of the statutory time bar, the liens on the property are eliminated. The law bears this position out. *See* I.R.C. § 6325(a)(1). The United States does not dispute this argument.

## Conclusion

Based on the foregoing, the defendants' Motion for Partial Summary Judgment is GRANTED. It is SO ORDERED.