has not responded to the motion to vacate, we grant the motion to vacate.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to vacate is granted. The Court of Appeals for Veterans Claims' decision and judgment are vacated.

(2) The motion to dismiss is moot.

(3) Each side shall bear its own costs.

UNITED STATES, Plaintiff–Appellee,

v.

Dan C. SIMONS (Individually and as Trustee of the Dan C. Simons Equity Trust) and Sally J. Simons (Individually and as Trustee of the Dan C. Simons Equity Trust), Defendants–Appellants,

and

Jolene J. Smith (As Trustee of the Charlemagne Trust), First City Corp., and Harold Mark Simons, Defendants.

No. 2007–1126.

United States Court of Appeals, Federal Circuit.

Feb. 1, 2007.

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

motion to dismiss is granted.

**976**

LOURIE, Circuit Judge.

### ORDER

Upon review of Dan C. Simons et al.'s (Simons) recently docketed notice of appeal, we consider whether this appeal should be transferred to the United States Court of Appeals for the Tenth Circuit.

The United States filed an action in the United States District Court for the District of Utah to reduce a tax assessment to judgment. *United States v. Simons,* 864 F.Supp. 171 (1994). After settlement discussions, Simons paid the agreed sum and submitted an order to dismiss the action. Simons appealed to the Tenth Circuit, which affirmed the dismissal on January 22, 2004. On September 14, 2006, Simons filed a motion to vacate in the district court. The district court denied the motion, and Simons appeals.

This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. *See* 28 U.S.C. § 1295(a)(1), (2). This court lacks jurisdiction over an action filed by the United States to obtain judgment on a tax assessment. Furthermore, we note that prior appeals in this case were decided by the Tenth Circuit.

Accordingly,

IT IS ORDERED THAT:

This case is transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.