## HEDWIG BLAECHINSKA, RESPONDENT, *v.* HOWARD MISSION AND HOME FOR LITTLE WANDERERS, APPELLANT.

*Husband and wife — the wife is entitled to recover damages for the loss, resulting from personal injury to her, of wages for services rendered to her husband outside of the household.*

A husband is entitled to the services of his wife in respect to household duties, and the right of action for an injury to her which prevents her rendering such services belongs to the husband.

A married woman is entitled to recover for the loss of any wages earned outside of her household duties, and such services do not belong to the husband, and when the wife is disabled by reason of an injury from performing them the wife may sue in her own name for the recovery of the resulting damages.

Where the wife has been accustomed to work for her husband outside of her household duties, and to receive pay therefor from her husband, under an agree-

ment for compensation by which such pay became her own property, such earnings may be considered by the jury in an action brought by her to recover for injuries preventing her further rendition of the services for which they were paid.

APPEAL by the defendant, the Howard Mission and Home for Little Wanderers, from a judgment, entered in the office of the clerk of the county of New York on the 26th of April, 1889, in favor of the plaintiff and against the defendant for the sum of $500 damages and costs, and from an order denying the defendant's motion for a new trial made on the minutes of the court after a trial at the New York Circuit before the court and a jury.

*H. H. Chittenden,* for the appellant.

*Columbus Gottschalk,* for the respondent.

VAN BRUNT, P. J.:

On the 8th of December, 1886, the plaintiff was the wife of Alexander Blaechinska, who was engaged in the manufacturing tailoring business, and while passing in front of premises in Rivington street, occupied by defendant as tenant for a long time previous thereto, she stumbled and fell over a vault cover and was quite severely injured. The vault cover was broken, and the plaintiff testified that she in some way caught her heel in stepping upon the cover and so fell.

This action was brought to recover the damages sustained by the plaintiff, and a recovery having been had, from the judgment thereupon entered this appeal is taken. The questions raised by the appellant are two : First, that the verdict is against the weight of evidence, in that the preponderance of proof showed that there was no hole in the vault cover in which the plaintiff could catch her foot; and, secondly, that the plaintiff was improperly allowed to recover for the loss of wages which had been previously paid to her by her husband for services rendered by her outside of her household duties.

In respect to the question as to the weight of evidence, upon an examination of the proof of the case, we think there was sufficient for the jury to find that it was possible for the plaintiff to have met with her accident in the manner described by her. It is conceded

that a portion of the vault cover was missing, and it would appear from the evidence that some part of the hole was thereby exposed. That the plaintiff fell and was injured seems to be established beyond doubt, and is not controverted, and that she fell at this particular place, and we cannot say that the testimony in regard to the manner in which the injury happened was untrue because the evidence shows, and particularly the exhibits, that some portion of the hole was exposed in which, perhaps, she might have caught her foot. If this was the case, it having existed for a considerable length of time, the jury were entitled to infer negligence against the defendant.

It appeared from the evidence in the case that the plaintiff had been accustomed to assist her husband in his tailoring business, doing all her household work besides, and that she received a salary of five and six dollars per week from her husband; and she further testified that since the happening of the accident she could not do tailoring as she was able to do it before, and that it was two years and a half that she could not work. She further testified that the money she drew while she was sick and used it for the children for buying shoes, and for the general support of her family, because sometimes her husband had no work and she supplied the money.

It is undoubtedly true that a husband is primarily entitled to the services of his wife in respect to her household duties, and she could not recover for inability to perform those duties. In such a case the right of action would belong to the husband. But that a married woman is entitled to recover for the loss of any wages which she could have earned outside of her household duties, it appearing that she had been accustomed to make such earnings, seems to be clearly established by the case of *Brooks* v. *Schwerin* (54 N. Y., 343) in which it is held that the services of a wife in the household in the discharge of her domestic duties still belong to her husband, and, so far as her injuries disable her from performing such services for her husband, the loss is his, and not hers. But when she labors for another her services no longer belong to her husband, and whatever she earns belongs to herself; and so far as she is disabled from performing such services by any injury, she can recover for the loss. It is urged, however, that this case is not an authority, because she was not laboring for another, but for her husband, and

it is, therefore, claimed that the principles laid down in the case cited are not applicable to the case at bar.

The case of *Reynolds* v. *Robertson* (64 N. Y., 589) further illustrates the point under discussion. In that case the plaintiff's wife rendered services in his house to a boarder therein; she was engaged in no business or service on her own account. She was in charge of her husband's house, and, as part of her household duties, rendered services to a person in the husband's house by contract with him. The court say that she was then working for her husband, and not for herself, or on her separate account, and that, notwithstanding the act of 1860, she could still work for her husband and devote all her time and service to him; and the circumstances of the case were such as to warrant the finding that the services were rendered by the husband through the wife.

The court say: " These views are not in conflict with *Brooks* v. *Schwerin* (54 N. Y., 343). There a poor woman went out to work by the day, earning wages, and it was held that the wages thus earned in labor outside of her household, and entirely disconnected from her household duties, belonged to her. But if the husband takes boarders into his house, or converts his house into a hospital for the sick, and his wife takes charge of his establishment and thus aids him in carrying on his business, *in the absence of special proof* all her services and earnings belong to her husband. Even under such circumstances the husband might covenant and agree that his wife should receive pay for her services on her own account; but in the absence of some arrangement to that effect, the inference of law and fact would be that she was working for her husband in the discharge of her marital duties."

The court in this case clearly recognizes the fact that the presumption from the rendition of services may be rebutted by evidence showing the special circumstances of the case and that such rule should not apply. In the case at bar it appears that the plaintiff had been working for her husband, but outside of her household duties, and had been accustomed to receive pay therefor from him, which money was her own property, and that by the accident she was prevented from continuing the rendition of such services.

We think that under the law, as it now stands, there is no distinction as between another party and a husband where there is a

distinct agreement for compensation. It is apparent from the authorities cited that if she had been accustomed to work at tailoring for other parties, and had received this salary, its loss could have been given in evidence as an element of damage. This being the case, she being accustomed to receive compensation for the work done for her husband, we see no reason why it may not be taken into consideration by the jury in determining the amount of damages.

The claim that there should have been a special plea made in regard to these damages does not seem to be well taken. They were entirely the result of the injury, and the complaint contains an averment that she was not only prevented from attending to household duties, but from engaging in other employment.

The judgment and order should be affirmed, with costs.

BARRETT and BARTLETT, JJ., concurred.

Judgment and order affirmed, with costs.