## Cravens v. Louisville & Nashville Railroad Company.

Appeal from Nelson Circuit Court.

## Hoagland v. Louisville & Nashville Railroad Company.

Appeal from Bullitt Circuit Court.

(Decided February 28, 1922.)

1. Carriers—Limitation—Federal Act Suspending Limitation Applicable to State Courts and Valid.—Subsection (f) of section 206 of the Act of Congress passed February 8, 1920 (c. 91, 41 Stat L. 456), which provides that "The period of federal control shall not be computed as a part of the periods of limitations in actions against carriers or in claims for reparation to the commission for causes of action arising prior to federal control," applies to actions in the state courts and is valid when so applied.

2. Carriers—Limitation—Federal Act Suspending Limitation in an Action for Tort Valid Though Bar had Fallen.—Subsection (f) section 206 of the Act of Congress passed February 8, 1920 (c. 91, 41 Stat. L. 456) is valid as applied to actions for torts in the state courts, even though the bar of the state statute was complete at the time of its enactment.

3. Statutes—Construction—Retroactive Effect—Favoring Constitutionality.—Statutes will not be given a retroactive operation unless such an interpretation is required by express command or by necessary and unavoidable implication, and especially is this true where such construction would disturb rights already acquired by judgment and raise a serious doubt as to the constitutionality of the act when so applied.

4. Carriers—Limitation—Federal Act Suspending Limitation did not Affect Prior Judgment.—Subsection (f) of section 206 of the Act of Congress passed February 8, 1920 (c. 91, 41 Stat. at L. 456), suspending limitation, did not annul or affect a prior judgment of

a state court dismissing the petition in an action against a carrier on the ground that the action was barred by the state statute of limitations.

5. New Trial—Incorrect Decision by Court of Appeals not Ground for New Trial.—There is no provision of the Code or rule of practice that authorizes a new trial because of an incorrect decision rendered by the Court of Appeals.

6. Husband and Wife—Personal Injury to Husband—Loss of Consortium—Right of Action by Wife.—A wife cannot recover for loss of consortium due to a personal injury negligently inflicted on her husband.

OSSO W. STANLEY, N. E. FULTON and CHAS. CARROLL for T. W. Cravens.

JOHN S. KELLY, JOHN A. FULTON and B. D. WARFIELD for L. & N. R. R. Co.

CHAS. CARROLL, C. P. BRADBURY and T. C. CARROLL for Bertha Hoagland.

J. S. COMBS and B. D. WARFIELD for L. & N. R. R. Co.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in Cravens v. Louisville & Nashville Railroad Co., and reversing in Hoagland v. Louisville & Nashville Railroad Co., both on the original and cross appeal.

These two appeals involve similar questions, were argued together and will be considered in one opinion.

The first mentioned appeal grows out of a suit brought by T. W. Cravens on January 17, 1919, against the Louisville & Nashville Railroad Company to recover damages for the loss of the services of his wife, Eliza M. Cravens, who was severely injured in a collision that occurred at Shepherdsville on December 20, 1917. In addition to other defenses, the answer contained a paragraph pleading the one year statute of limitations. The demurrer thereto was overruled, and Cravens having declined to plead further, his petition was dismissed. On appeal the judgment was affirmed. Cravens v. Louisville & Nashville R. R. Co., 188 Ky. 579, 222 S. W. 930. After judgment was rendered below, and during the pendency of the appeal, Congress enacted the transportation act of February 28, 1920 (c. 91, 41 Stat. L. 456), subsection (f) section 206 of which is as follows:

"The period of federal control shall not be computed as a part of the periods of limitations in actions against

carriers or in claims for reparation to the commission for causes of action arising prior to federal control.''

On September 30, 1920, Cravens filed a petition for a new trial on the ground that the foregoing statute had the effect of suspending the state statute of limitations during federal control, and that his failure to rely thereon was due to accident or surprise which ordinary prudence could not have guarded against. He further alleged that the carrier had accepted the provisions of the act and had received certain benefits therefrom. A demurrer to the petition was sustained and the petition was dismissed.

The second appeal grows out of a suit brought by Bertha Hoagland on November 27, 1920, against the Louisville & Nashville Railroad Company to recover damages for the loss of the services and consortium of her husband, Thomas W. Hoagland, who was also injured in the collision that occurred at Shepherdsville on December 20, 1917. A general demurrer to the petition having been overruled, the company filed an answer in three paragraphs. The first paragraph contained a denial of the loss of services or consortium, the second, a plea of settlement, and the third, a plea of limitations. The court overruled a demurrer to the second and third paragraphs, and plaintiff having declined to plead further, an order was entered dismissing the petition. From that order plaintiff appeals, and from the order overruling the general demurrer to the petition the company prosecutes a cross appeal.

The principal questions presented are: (1) Does subsection (f), section 206, *supra,* apply to actions in the state courts, and if so, is it valid? (2) Is it valid as to actions in the state courts where the bar of the state statute of limitations had already fallen? (3) What effect, if any, did it have on a prior judgment of a state court dismissing an action on the ground that it was barred by the state statute of limitations?

Counsel for the railroad company not only assign numerous reasons why these questions should be answered in the negative, but rely upon the recent case of Georgia Southern & F. Railway Co. v. Smiley, 108 S. E. 273, wherein the Supreme Court of Georgia held that the statute in question applied only to federal courts, and that if it was intended to authorize the bringing of a suit in a state court after it was barred by the state statute, it was beyond the power of Congress to enact. It would render the solution of the questions much less difficult if

we could take the same view of the statute, but we find ourselves unable to do so. There is nothing in the statute which either expressly or by necessary implication confines its application to actions in the federal courts. On the contrary it purports to deal generally with actions against carriers for causes of action arising prior to federal control. Not only so, but we cannot believe that Congress intended to discriminate between the state and federal courts, or to offer a premium for bringing suits in the federal courts by providing that litigants should have a longer time to bring suits in those courts than in the state courts. We therefore conclude that the statute applies to actions in the state courts. Stewart v. Kahn, 11 Wall. 493, 20 L. Ed. 176; Mayfield v. Richards, 115 U. S. 137, 29 L. Ed. 334.

This brings us to the consideration of the question whether the act is valid as applied to actions in the state courts. The war power of Congress is very broad and comprehensive. The means to be employed and the measures to be taken in carrying on the war rest in its discretion. That it had the power to confer on the president the authority to take control of the carriers and operate them during the period of the war for the purpose of facilitating the movement of troops and supplies is no longer disputed. Northern P. R. Co. v. North Dakota, ex rel. Langer, 250 U. S. 134, 63 L. Ed. 897; Dakota Central Telegraph Co. v. South Dakota ex rel. Payne, 250 U. S. 163, 63 L. Ed. 910. As an incident to that power it had the further power to define the rights, duties, obligations and liabilities of such carriers during the period of federal control. It cannot be doubted that when control was first taken, and the carriers thus became the instrumentalities or agencies of the federal government, Congress had the power to provide that no action of any kind should be brought against such carriers in any court, state or federal, during the period of federal control. That being true, and there being no prohibition in the federal Constitution against retroactive legislation of the kind in question, we perceive no reason why Congress could not provide as a war measure, and while the carriers were under federal control, that the period of federal control should not be computed as a part of the periods of limitations in suits against such carriers for causes of action arising prior to federal control. It is true that the statute in question differs materially from the act of June 11, 1864, 13 Stat. at L. 123, which was sus-

tained in Stewart v. Kahn, and Mayfield v. Richards, *supra,* and held to apply to actions in the state courts as well as in the federal courts, and which provided in substance that the time during which a person was beyond legal process by reason of resistance to the laws, or the interruption of judicial proceedings during the Civil War, should not be deemed as part of the time limited by law for the commencement of the action. As that act applied to actions of every kind between parties generally, where certain conditions existed, it may be that the presence of those conditions was regarded as essential to the exercise of the power. But we do not regard the absence of those conditions as fatal to the validity of the statute in question, for there were other conditions not present when the act of 1864 was enacted which were clearly sufficient to authorize its enactment. Congress did not attempt in its enactment to deal with the question of limitations as applied to actions and parties generally, but dealt only with actions against carriers under federal control and during the period of federal control. In thus legislating, it dealt with the subject at a time when its control was complete and its war power was undivided. That being true, its authority was paramount, with the necessary result that the statute in question superseded any state statute bearing on the question. Northern P. R. Co. v. North Dakota ex rel. Langer, 250 U. S. 134, 63 L. Ed. 897.

The next question to be determined is whether the act is valid as applied to a case where the bar of the state statute had already fallen. The case is not one for the recovery of real or personal property. In such a case the authorities are agreed that where one's title to real or personal property has become perfected by an adverse holding for the requisite period of time, his title cannot be impaired by subsequent legislation. 17 R. C. L., sec. 17, p. 675. Whether or not the same rule applies to actions not involving the title to real or personal property is a question about which there is a great conflict of opinion. Were we to follow our own decisions, and, perhaps, the weight of authority, we would be inclined to answer the principal question in the negative, as we have held that, whether the cause of action arises *ex contractu* or *ex delicto,* the right to plead the statute of limitations becomes vested when the bar is complete and cannot be taken away by subsequent legislation. Lawrence v. City of Louisville, 96 Ky. 595, 29 S. W. 450, 49 A. S. R. 309, 27 L. R. A. 560. But

the statute in question is an act of Congress and its validity must be determined in the light of the decisions of the federal courts. At one time the United States Supreme Court apparently recognized the vested character of such right. United States v. Buford, 3 Pet. 30, 7 L. Ed. 591; Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657. But in the more recent case of Campbell v. Holt, 115 U. S. 620, 29 L. Ed. 483, where the question was carefully considered, it reached the conclusion that the bar of a statute in an action for debt vested no right beyond legislative control. That doctrine has never been departed from so far as we are aware, and as there is no reasonable ground for any distinction between an action for debt and an action for tort, we conclude that the statute is valid as applied to actions for tort, even though the bar of the state statute was complete at the time of its enactment. Standley v. United States Railroad Administration, et al., 271 Fed. 794.

From these views it necessarily results that the act in question is applicable and controlling in the Hoagland case. Excluding the time the carrier was under federal control, the period of limitation had not expired when that suit was brought. It follows that the demurrer to that paragraph of the answer pleading the one year statute of limitations should have been sustained.

It remains to determine the effect of the statute on the judgment dismissing the petition in the Cravens suit on the ground that the action was barred by the state statute of limitations. Since the supremacy and independence of the courts in their appropriate spheres are firmly established in our jurisprudence, and it is peculiarly their province to apply established principles of law to cases within their jurisdiction and to render judgments fixing the rights of the parties, it is very doubtful, to say the least, whether Congress had the power, even as a war measure, to annul or affect the judgment. McCullough v. Virginia, 172 U. S. 102, 43 L. Ed. 382, 19 Sup. Ct. Rep. 134; United States v. Peters, 5 Cranch, 115, 3 L. Ed. 53; Mason v. Haile, 12 Wheat 370, 6 L. Ed. 660; United States v. Klein, 13 Wall. 128, 20 L. Ed. 519, Central of Georgia R. Co. v. Railroad Commission, 161 Fed. 925, reversed on other grounds in 95 C. C. A. 117, 170 Fed. 225; Denny v. Matton, 2 Allen (Mass.) 361, 79 Am. Dec. 784; Taylor v. Place, 4 R. I. 337; De Chastellux v. Fairchild, 15 Pa. 18, 3 Am. Dec. 570. No rule is better settled than that statutes will not be given a retroactive opera-

tion unless such an interpretation is required by express command or by necessary and unavoidable implication, and especially is this true where such a construction would disturb rights already acquired by judgment and raise a serious doubt as to the constitutionality of the act when so applied. Murray v. Gibson, 15 Howard 421, 14 L. Ed. 755; United States ex rel. Atty. Gen. v. Delaware & H. Co., 213 U. S. 366, 408, 53 L. Ed. 836, 848, 29 Sup. Ct. Rep. 527. Construing the statutes in the light of this rule, it is apparent that while the statute is retroactive in the sense that it is the duty of the courts to exclude from the period of limitation the entire time of federal control in those cases where the question of limitation was undecided at the time of its enactment, it contains no language even suggestive of an intention on the part of Congress to annul or disturb prior judgments rendered by courts of competent jurisdiction in conformity with the law as it then existed. On the contrary, the only purpose indicated by the language of the statute was to provide a rule for the future guidance of courts in applying the statute of limitations to actions then pending or thereafter brought. We therefore conclude that the statute did not affect the judgment in question.

But let us consider the question from another point of view. The circuit court properly applied the state statute of limitation and dismissed the petition. Thereafter the federal act was passed and an appeal prosecuted. Let us assume that Congress intended, and had the power, to change the law so as to affect a case in which judgment had already been rendered and to impose on this court the duty to apply the law as changed and reverse the judgment. Clearly it was the duty of counsel for appellant to call the court's attention to the statute, and it was the duty of the court to take cognizance of and apply the statute, whether its attention was called to it or not. Counsel did not bring the matter to the attention of the court, and the court, overlooking the federal statute, affirmed the judgment. At most, then the case is simply one where this court rendered an incorrect decision on a question of law, and we know of no provision of the Code or rule of practice that authorizes a new trial on that ground. Indeed, it would be an anomaly in the law if the trial court had the power to grant a new trial because of a mistake of law made by an appellate court, and of course an appellate court cannot grant a new trial unless improperly refused by the trial court.

It follows that the demurrer to the petition for a new trial was properly sustained.

On the cross appeal in the Hoagland case the railroad company challenges the correctness of the order overruling its demurrer to the petition. The question is, may the wife recover for loss of consortium due to a personal injury negligently inflicted on her husband? The right of the wife to recover in the circumstances has been considered in so many recent cases that we deem it unnecessary to enter into an elaborate discussion of the question. It is sufficient to say that it is settled by the decided weight of authority that while the wife may recover for the loss of the consortium of her husband due to an intentional wrong or a direct attack on the marriage relation, as for the alienation of the husband's affections and the like (Deitzman v. Mullin, 108 Ky. 610, 57 S. W. 247, 50 L. R. A. 808; McGregor v. McGregor, 115 S. W. 802; Turner v. Heavrin, 182 Ky. 65, 206 S. W. 23, 4 L. R. A. 562), yet in the absence of a statute conferring the right, no recovery can be had for the loss of consortium due merely to a negligent injury, and a married woman's act, giving her a right to hold separate property and to sue alone, confers no new right of action, but only the power to sue for the protection of rights which she already had. Bernhardt v. Perry, 276 Mo. 612, 208 S. W. 462, 13 A. L. R. 1320; Emerson v. Taylor, 104 Atl. (Md.) 538, 5 A. L. R. 1045; Kosciolek v. Portland R. Light & P. Co., 81 Oregon 517, 160 Pac. 132; Goldman v. Cohen, 30 Misc. 336, 63 N. Y. Supp. 459; Feneff v. New York C. & H. R. R. Co., 203 Mass. 278, 24 L. R. A. (N. S.) 1024, 133 Am. St. Rep. 291, 89 N. E. 436; Bolger v. Boston Elev. R. Co., 205 Mass. 420, 91 N. E. 389; Whitcomb v. New York, N. H. & H. R. Co., 215 Mass. 440, 102 N. E. 663; Gearing v. Berkson, 223 Mass. 257, L. R. A. 1916D, 1006, 111 N. E. 785; Blaechinska v. Howard Mission & Home, 130 N. Y. 497, 15 L. R. A. 215, 29 N. E. 755, reversing 56 Hun. 322, 9 N. Y. Supp. 679; Stout v. Kansas City Terminal R. Co., 172 Mo. App. 113, 157 S. W. 1019; Gambino v. Manufactures Coal & Coke Co., 175 Mo. App. 653, 158 S. W. 77; Patelski v. Snyder, 179 Ill. App. 24; Smith v. Nicholas Bldg. Co., 93 Ohio St. 101, L. R. A. 1916E 700, 12 N. E. 204, Ann. Cas. 1918D 206; Brown v. Kistleman, 177 Ind. 692, 40 L. R. A. (N. S.) 236, 98 N. E. 631. It follows that the demurrer to the petition should have been sustained.

In the case of Cravens v. Louisville & Nashville Railroad Company the judgment is affirmed. In the case of Hoagland v. Louisville & Nashville Railroad Company the judgment is reversed both on the original and cross appeal.

Whole court sitting except Judge Moorman.