## LA EACE v. CINCINNATI, NEWPORT & COVINGTON RY. CO., Inc.

Court of Appeals of Kentucky.

May 30, 1952.

Walter J. Burke, Newport, for appellant.

Arthur J. Daly, Cincinnati, Ohio, for appellee.

LATIMER, Justice.

The sole question presented is whether a wife may recover for loss of consortium due to an injury negligently inflicted on her husband.

Appellant's husband, George LaEace, sustained personal injuries while a passenger on a bus operated by appellee. Appellant seeks $5,000 damages for loss of consortium, alleging the injuries suffered by her husband resulted from appellee's negligence and were the proximate cause of her loss of that consortium. Appellee's general demurrer to the petition was sustained. Having declined to plead further, appellant's petition was dismissed.

The issue presented is not novel. In Cravens v. Louisville & N. R. Co., 195 Ky. 257, 242 S.W. 628, we denied the wife the right of recovery when the injury to the husband was a result of negligence. This decision was, and is, in line with the overwhelming weight of authority. 27 Am. Jur., Husband and Wife, section 514, page 114; Nash v. Mobile & O. R. Co., 149 Miss. 823, 116 So. 100, 59 A.L.R. 680, Restatement of Torts, volume III, section 695.

Appellant frankly concedes that such is the prevailing rule.

However, appellant ably argues that this principle of law should now be overruled by this court. As authority for her position she cites Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, in which the U. S. Circuit Court of Appeals analyzed the cases propounding the rule and proceeded to adopt an opposite position. Appellant's argument is further supported by Mr. Prosser, in his work on Torts, and by Mr. Kinnaird in his article in 35 Ky.L.J. 220.

The reasons given for the adoption of the existing rule have been clearly set out and reiterated by this court and the courts of other jurisdictions. We think the reasoning therein sound and see no reason for adopting a rule utterly at variance therewith.

Judgment affirmed.