**Martha Lillian BAIRD, Appellant,**

v.

**CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILROAD COM-PANY, Appellee.**

Court of Appeals of Kentucky.

May 17, 1963.

Geo. R. Silliman, Danville, Pat Rankin, Stanford, for appellant.

James F. Clay, Danville, Bradley & Bradley, Georgetown, for appellee.

STANLEY, Commissioner.

The court is urged to reverse its position that a wife may not maintain an action to recover damages for loss or impairment of her husband's consortium caused by negligence of another party.

The particular case is a suit filed by Mrs. Martha Lillian Baird against the Cincinnati, N. O. & T. P. R. Co., charging that by the defendant's negligence in operating its train at a public crossing, the plaintiff's husband, Harrison Baird, was "totally incapacitated from working and was permanently injured and placed in extreme financial difficulties" ; that by reason thereof she, the plaintiff, "has been deprived permanently of her rights of consortium with her husband, and by reason of his injuries and the extraordinary services she has been compelled to render to him, she has sustained great physical, mental and nervous damages which are permanent." See Baird v. Cincinnati, N. O. & T. P. Ry. Co., 6 Cir., 315 F.2d 717.

The trial court dismissed the complaint as not maintainable under the rulings of this court. The appellant recognizes those rulings but, as stated, urges that they be overruled.

In Cravens v. Louisville & N. R. Co., 195 Ky. 257, 242 S.W. 628, drawing a distinction between the right of a wife to recover for loss of the consortium of her husband due to an intentional wrong or a direct attack on the marriage relation, as for alienation of a husband's affection and the like, as held in our previous cases, the court, on authority of a number of foreign cases, held that, in the absence of a statute conferring the right, no recovery can be had for the loss of consortium due merely to negligent injury, and that the Married Woman's Act did not confer such right of action.

In Commercial Carriers v. Small, 277 Ky. 189, 126 S.W.2d 143, we observed, "There

has come down to us from ancient days the recognition in law" that a husband has the right to recover damages for the loss or impairment of his wife's services, society and companionship as the result of the negligence or wrongful act of a third person. We affirmed a judgment of recovery in such an action. The case did not involve the converse, i. e., the right of a wife to maintain a similar action for loss or impairment of the consortium of her husband by reason of negligence; but we noted the existence of such right, as in the Cravens case, where the loss was due to intentional wrong or direct attack upon the marriage relation.

In LeEase v. Cincinnati, Newport & Covington R. Co., Ky., 249 S.W.2d 534, the sole question was whether this court should overrule the Cravens case and adopt the reverse principle, enunciated in the then recent case (1950) of Hitaffer v. Argonne Co., 87 App.D.C. 57, 183 F.2d 811, 23 A.L.R. 2d 1366, cert. den. 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624. The court adhered to the previous decision in the Cravens case and declined to overrule it. The question is now opened up again.

The United States Court of Appeals, in its comprehensive and precedent-shattering Hitaffer opinion, recognized the elements of consortium and noted that its invasion is an independent wrong directly against the spouse so injured. The court discussed and criticized as thin and unsubstantial the various reasons assigned by the courts for denying a wife the same remedy which is incongruously granted a husband.[1] The conclusion of the court was that a wife, deprived of her husband's aid, assistance, enjoyment and sexual relations by an injury to his person, resulting from another's negligence, should have equal rights in the marriage relation and should receive equal

protection of the law, and, therefore, has a cause of action for the loss of consortium.

Reasons advanced for adhering in modern times to the common law denying the right of action to a wife for impairment or loss of consortium in negligence cases are as follows: (1) The action may entail double recovery or overlapping of causes of action for the same injury since the husband could recover in his action for his diminished ability to support his family;[2] (2) it would compensate for an indirect and remote injury and consequences of a wrong which were not foreseeable; and (3) the theory that the husband's action is predicated on his right to his wife's services without corresponding right of the wife.

The Hitaffer case has been considered in a long chain of cases in various courts of the country. Some of the courts have accepted its reasoning as authority for overruling their previous cases to the contrary. Others have adhered to the common law that the right of a husband to maintain an action for loss of consortium of his wife caused by an injury negligently inflicted by a third person does not extend to a corresponding similar right in a wife to recover for loss of her husband's consortium.

The reasoning of the Hitaffer opinion basically rests on the epochal evolution in the status and position of a wife from conditions which existed in olden times under the common law. Among those conditions were that the wife was subservient to the husband, a servant, almost a chattel, a legal nonentity on the principle of unity (and he was that one) and without right to bring any action at law. 1 Blackstone Commentaries 433-436, 442. In these days a woman and a man are upon a plane of equality, legally, economically and socially. Later (1960),

---

1. Other courts "have neatly solved the dilemma by denying the right of action also to the husband." Note, 23 A.L.R. 2d 1381.

2. This, it is pointed out, emphasizes only one element of consortium, the loss of support; whereas, consortium includes companionship, mutual service, felicity and other elements "all welded into a conceptualistic unity," as discussed by the Illinois court in Dini v. Naiditch, infra, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R. 2d 1184, at 1199, and cases summarized in Annotation, 23 A.L.R.2d 1378, pp. 1385 et seq.

in Dini v. Naiditch, 20 Ill.2d 406, 170 N.E. 2d 881, 86 A.L.R.2d 1184, the Illinois Supreme Court followed the Hitaffer case. It also made a vigorous attack upon the grounds of the "antiquated procedures" and the several arguments therefor, deeming them specious, and held that a wife may maintain such an action. The court said in the course of the opinion: "We find no wisdom in abdicating to the legislature our essential function of re-evaluating common-law concepts in the light of present day realities. Nor do we find judicial sagacity in continually looking backward and parroting the words and analyses of other courts so as to embalm for posterity the legal concepts of the past." Three judges dissented on the ground that neither a husband nor a wife should have such right of action.

More recently, in March, 1963, the Supreme Court of Missouri in Novak v. Kansas City Transit Co., Mo., 365 S.W.2d 539, reconsidered the question. In the light of Hitaffer v. Argonne Co. and Dini v. Naiditch, supra, and the "array of overwhelmingly convincing arguments" in support of the conclusions of the courts which followed those opinions, that the wife has the right to recover for loss of consortium due to negligent injury of her husband, the Missouri court overruled its previous case to the contrary. Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 13 A.L.R. 1320. The court now holds that a wife may maintain such an action. Three of the seven judges dissented.

It is noted that the court which delivered the Hitaffer opinion has since circumscribed or overruled it in part by holding that a wife of an employee who received full benefits under a workmen's compensation statute was barred from recovering from the employer for loss of consortium in view of the statute. Smither & Co. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220, and Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768.

It appears from A.L.R.2d Supplemental Service that the courts of the following jurisdictions have followed the Hitaffer opinion in recognizing a wife's right of action in such cases: Arkansas, Georgia, Illinois, Iowa, Michigan, Missouri, Montana, Nebraska, Oregon, Pennsylvania, Texas, and several United States District Courts. Others which have since rejected the Hitaffer case and adhered to the old doctrine denying the wife's right of action are: Alabama, Arizona, California, Colorado, Connecticut, Florida, Indiana, Kentucky, Maryland, Minnesota, New Hampshire, New Jersey, New York, Oklahoma, Tennessee, Washington, Wisconsin, and several United States District Courts.

In the present age the distinction between the right of a wife and of a husband to maintain the action is at odds with reason. The same may be said as to the inconsistency inherent in recognizing a wife has a cause of action for the impairment of consortium where her husband's injury was the result of an intentional or malicious wrong, but not where it was the result of negligence. Nevertheless, since there is a diversity of opinion among the courts in other jurisdictions and this court has heretofore expressly declined to depart from its earlier decision, having regard for the doctrine of stare decisis, we affirm the judgment.

Judgment affirmed.

WILLIAMS and PALMORE, JJ., dissent.

### WILLIAMS, Judge (dissenting).

The conclusion of the majority opinion is reached by application of the doctrine of stare decisis. The salutary effect of adhering to the doctrine of stare decisis is well recognized. But, when the reason for the original rule no longer exists, then stare decisis should not operate to continue an outmoded principle.

The legal status of a married woman has changed to such an extent that, if a husband should have the right to recover for the loss

of consortium, then surely the wife should be entitled to the same right. But, in my opinion, there is no discernible reason to allow the right to either. Rather than extend this opinion, I refer to the separate dissenting opinion by Chief Justice Walter V. Schaefer, Illinois Supreme Court, in Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184. Therein the reasons why neither party should have a right of action are very ably stated.

PALMORE, J., joins in this dissent.