Minnie **KOTSIRIS**, Appellant,

v.

George Ernest **LING**, Appellee.

Court of Appeals of Kentucky.

Feb. 20, 1970.

Nathan B. Cooper and Ronald J. Bamberger, Bratcher, Cooper & Flaherty, Owensboro, for appellant.

Wilson & Wilson, Owensboro, for appellee.

CULLEN, Commissioner.

Andrew Kotsiris asserted a claim against George Ling for damages for personal injuries alleged to have been sustained by Kotsiris as the result of Ling's negligence. The claim was *settled*. Shortly thereafter *Mrs*. Kotsiris brought the instant action against Ling, seeking to recover damages for loss of *consortium*. Relying upon Baird v. Cincinnati, New Orleans & Texas Pacific R. Co., Ky., 368 S.W.2d 172, the circuit court dismissed the action, on the ground that under Kentucky law a wife has no cause of action for loss of consortium of her husband. Mrs. Kotsiris has appealed, asserting that the time has come for the court to give recognition to a wife's cause of action for loss of consortium. We agree.

Since 1950, when Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, came down, some 20 jurisdictions have come over to the view that the wife has a cause of action for loss of consortium. Present indications are that the Restatement also will soon swing over. See Tentative Draft No. 14, The American Law Institute, Restatement of the Law, Second-Torts, April 15, 1969. The majority of jurisdictions, however, still adhere to the ancient rule that the wife does not have the cause of action. Up to now, Kentucky has been in that group. See Baird v. Cincinnati, New Orleans & Texas Pacific R. Co., Ky., 368 S.W.2d 172.

The cases, pro and con, are collated in an annotation in 23 A.L.R.2d 1378, and the Later Case Service for that annotation.

In the 20 years since *Hitaffer* a tremendous amount of writing has been done on the subject, and it might even be said that the subject has been "belabored" in the sense, as stated in Commonwealth, Department of Highways v. Miller, Ky., 388 S.W. 2d 135, of having been worked carefully upon, beat soundly, thwacked repeatedly, drubbed, and assailed verbally. We see no need for us to undertake any substantial addition to the wealth of literature on the question. It will be enough, we think, for us to indicate briefly what our holdings are, and where we find the support for them.

▮▮▮ We hold, first, that a wife has a cause of action for loss of consortium of her husband resulting from an injury to the husband due to the negligent act of another. We are persuaded to this view by the reasons set forth in *Hitaffer* and in Hekstra v. Helgeland, 78 S.D. 82, 98 N.W.2d 669, and Shepherd v. Consumers Cooperative Association, Mo., 384 S.W.2d 635. The fact is that this court was much persuaded to that view in *Baird*, but declined to depart from the former rule, out of regard for the doctrine of stare decisis. The court now feels that the considerations militating in favor of recognition of the wife's cause of action outweigh the considerations on which the doctrine of stare decisis rests. The court also finds that the changing of the rule is fully within the competence of the judicial function. See Dietzman v. Mullin, 108 Ky. 610, 57 S.W. 247, 50 L.R.A. 808; Brown v. Gosser, Ky., 262 S.W.2d 480, 43 A.L.R.2d 626. We expressly overrule Baird v. Cincinnati, New Orleans & Texas Pacific R. Co., Ky., 368 S.W.2d 172, and our cases cited therein to the extent they hold that a wife has no cause of action for loss of consortium of her husband resulting from injury to him due to the negligent act of another.

▮▮▮ In recognizing the cause of action, we feel it is necessary for us to define its scope and limitations. First, the cause does not include any right of recovery for *loss of financial support* by the husband. That is because the *source* of the wife's right to support is the husband's earning capacity, for impairment of which *he* is entitled to recover. Second, the cause does not include any right of recovery for *nursing services* rendered or to be rendered to the husband by the wife. The reason for this is that according to the general rule (which we hereby adopt) the husband is entitled to recover from the tortfeasor for the value of nursing services even though the services are rendered or to be rendered by the wife. See 22 Am.Jur.2d, Damages, sec. 207, p. 289; Annotation, 90 A.L.R.2d 1330. If the tortfeasor is required to pay to the husband the cost of obtaining the services, obviously the wife cannot also recover from the tortfeasor for rendering the services. We find support for our view in this regard in Hoekstra v. Helgeland, 78 S.D. 82, 98 N.W.2d 669, and we hold, as does South Dakota, that the wife's right of recovery is limited to loss of society, companionship, conjugal affections, and physical assistance. It should be kept in mind always that the wife's recovery is for *losses suffered by her*.

▮▮▮ Since the wife's cause of action, as hereinbefore defined and limited, is separate and distinct from that of the husband for his personal injuries, and since, accordingly, there is little or no danger of a duplication of damages or a double recovery, we find no reason for imposing a rigid requirement, as have a few jurisdictions, that the wife's action be *joined* with the husband's. (New Jersey and Maryland require joinder. See Ekalo v. Constructive Service Corp. of America, 46 N.J. 82, 215 A.2d 1; Deems v. Western Maryland R. Co., 247 Md. 95, 231 A.2d 514.) We are impressed by the experience in Wisconsin and Missouri, where initial requirements of joinder subsequently were abandoned. See Fitzgerald v. Meissner & Hicks, Inc., 38 Wis.2d 571, 157 N.W.2d 595; Shepherd v. Consumers Cooperative Association, Mo., 384 S.W.2d 635. We are of the opinion

that joinder is desirable and preferable, but we believe that in the great majority of situations joinder will take place by virtue of the practicalities of the cases, or at least the actions, if separate, will be consolidated for trial.

We come now to the question of whether our recognition of the wife's cause of action should take effect retrospectively; particularly, should it apply in cases, such as the instant one, where the husband's claim for his damages was *settled* before the wife asserted her claim. We are of the view that, ordinarily, there is no good reason for a new rule of *tort* law not to be applied retrospectively. See Haney v. City of Lexington, Ky., 386 S. W.2d 738, 10 A.L.R.3d 1362. Since, as hereinbefore pointed out, the scope of the wife's cause of action as recognized by the instant opinion is such as to eliminate substantially any danger of double recovery and the cause of action is distinct and separable from that of the husband for his injuries, so that there is no need for a requirement of *joinder*, we think that except for the prior settlement feature there is nothing in the circumstances of this type of case to militate against retrospective application of the new rule. And we are not convinced that the fact that in a particular case, such as this one, the husband's claim was settled before the wife's claim was asserted, is a valid ground for denying retrospective application.

The Missouri court, in Shepherd v. Consumers Cooperative Association, Mo., 384 S.W.2d 635, found no valid reason, in the fact that there had been a prior settlement of the husband's claim, for denying retrospective application to its decision granting to the wife a previously unrecognized cause of action for loss of consortium. We concur in the reasoning expressed in that opinion.

In the instant case, the settlement with the husband was only of his cause of action—one separate and distinct from the cause of action the wife is by this opinion being recognized to have. The defendant did not pay out any money on behalf of the wife or on account of any loss suffered by her. It is true, of course, that the defendant, as a matter of tactics, would have preferred to make a "package" settlement of all claims arising out of the one accident, and our giving this opinion retrospective application will deprive him of a tactical weapon. We are not convinced, however, that the loss of such a tactical weapon is a matter of such proportions as to justify denial to the wife in the instant case, and to other wives similarily situated a right of recovery which in effect has improperly and unfairly been denied them in the past by our previous rule. It is our conclusion that our holding shall have full retrospective application.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

EDWARD P. HILL, C. J., and MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.