**Mildred THOMAS, Plaintiff,**

v.

**Frank DEASON and Charles A. Deason d/b/a Deason Bros. Grain & Trucking Company, Davis Wright and Roadway Express, Inc., Defendants.**

**No. 1438.**

United States District Court,
W. D. Kentucky,
Bowling Green Division.

Oct. 9, 1970.

Bell, Orr, Ayers & Moore by Robert W. Dickey, Bowling Green, Ky., for plaintiff.

Harlin, Parker, Ricketts Lucas & English, by James H. Lucas, Bowling Green, Ky., for Frank Deason, Charles A. Deason and Davis Wright.

Fowler, Rouse, Measle & Bell, by Robert H. Measle, Lexington, Ky., for Roadway Express, Inc.

### MEMORANDUM

SWINFORD, District Judge.

This is a diversity case wherein the plaintiff, Mildred Thomas, is suing for the loss of consortium of her husband, Ellis W. Thomas, due to the alleged negligence of the defendants, Frank Deason and Charles A. Deason, d/b/a Deason Bros. Grain & Trucking Company, Davis Wright and Roadway Express, Inc.

The action is currently pending on a motion to dismiss by defendant Roadway

Express, Inc. As grounds for its motion, the defendant asserts: 1) that a similar action has been commenced in the United States Federal District Court for the Western District of Kentucky; and 2) that the complaint fails to state a claim upon which relief can be granted.

■ The defendant's first contention will not sustain a motion for dismissal. The defendant pleads that another action, Civil Action Number 1390, styled Mildred Thomas and Ellis W. Thomas v. Frank Deason and Charles A. Deason, d/b/a Deason Bros. Grain & Trucking Company, Davis Wright and Roadway Express, Inc. has been filed in this court and claims that the intervening plaintiff in that action, Mildred Thomas, has by her intervention alleged a cause of action, identical to the cause maintained in this suit, against the same defendants. The defendant argues that if the present action is permitted to continue the parties will be exposed to multiple suits involving the same subject matter, resulting in a wasteful expenditure of time and money. It is also suggested that Civil Action 1390 would be res judicata as to this litigation. The defense of res judicata, however, is inappropriate at this time, for fundamental to that doctrine is the ability to assert a final judgment.

■ The fact that another action is pending in a federal court is not a ground for dismissal of the case. 1A Barron & Holtzoff (Wright Ed.) section 351. The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure. 2B Barron & Holtzoff (Wright Ed.) sections 941, 942. For reasons hereinafter set out, it is this court's opinion that the motion to dismiss must be overruled. The question of consolidation is therefore appropriate, and will be considered at a later point in this memorandum.

The decisive issue raised by the defendant's motion to dismiss for failure to state a claim upon which relief may be granted is whether a wife may maintain an action for loss of consortium. The courts, as well as legal scholars are divided on the question. The weight of authority seems to be that a wife may not assert a claim for loss of consortium if the injury to the husband is caused by negligence, but may if the injury or interference with the marital relation is intentional. 23 A.L.R.2d 1378. Notwithstanding how other jurisdictions may approach the question, and regardless of widespread disagreement as to a wife's right to consortium, this court is compelled to apply the law as followed in Kentucky.

It was well settled in Kentucky, prior to a recent case decided by the Kentucky Court of Appeals and legislation enacted subsequent to that decision by the 1970 session of the General Assembly, that a wife could not recover for loss of consortium if the interference to her marital relation was due to the negligent injury of her husband. The Kentucky Court of Appeals so held in Cravens v. Louisville & N. R. Co., 195 Ky. 257, 242 S.W. 628 (1922). The rule as established in Cravens was followed in Commercial Carriers, Inc. v. Small, 277 Ky. 189, 126 S. W.2d 143 (1939), and Le Eace v. Cincinnati, Newport & Covington Ry. Co., Inc., 249 S.W.2d 534 (Ky.1952). The question was once again presented to the Kentucky Court of Appeals in Baird v. Cincinnati, New Orleans & Texas Pacific R. Co., 368 S.W.2d 172, wherein the court seemed to waver from the stand it had previously expounded, but nevertheless reaffirmed its adopted position. The Court in Baird acknowledged the incongruity of the law whereby a husband is able to recover for the loss of conjugal rights, but a wife is not. Judge Williams, joined by Judge Palmore, dissented from the Court's opinion:

"The conclusion of the majority opinion is reached by application of the doctrine of stare decisis. The salutary effect of adhering to the doctrine of stare decisis is well recognized. But, when the reason for the original

rule no longer exists, then stare decisis should not operate to continue an outmoded principle.

"The legal status of a married woman has changed to such an extent that, if a husband should have the right to recover for the loss of consortium, then surely the wife should be entitled to the same right. But, in my opinion, there is no discernible reason to allow the right to either."

The trend of recent years seems to be to grant to the wife the same rights enjoyed by the husband, including the right to consortium. Despite the Court of Appeals' apparent lack of abiding conviction in the propriety of the common law rule to which it had adhered, it seemed to have buttressed its position by way of dictum in Jones v. Furnell, 406 S.W.2d 154 (1966). In Jones the Court stated that it was "not disposed to depart from the views so recently expressed in Baird v. Cincinnati, New Orleans & Texas Pacific R. Co., Ky., 368 S.W.2d 172, as respects the consortium claim."

On February 20, 1970, the Court of Appeals of Kentucky in the case of Kotsiris v. Ling, 451 S.W.2d 411, reversed its stance and held that a wife has a cause of action for loss of consortium of her husband resulting from the negligent act of a third party. The court believed that the importance of recognizing a wife's right to such a cause outweighed, in this particular area of law, the necessity of adhering to the principles embodied by the doctrine of stare decisis. The court concluded "that the changing of the rule is fully within the competence of the judicial function". It was also determined that the decision should have full retroactive application. Speaking through Commissioner Cullen the court stated, "We are of the view that, ordinarily, there is no good reason for a new rule of tort law not to be applied retroactively."

Following the Kotsiris case the 1970 session of the Kentucky General Assembly, presumably inspired by that decision, enacted House Bill 222 entitled "An Act providing for the recovery for damages for the loss of consortium". The new section, approved on March 30, 1970, and to be a part of Chapter 411 of the Kentucky Revised Statutes reads as follows:

"(1) As used in this section 'consortium' means the right to the services, assistance, aid, society, companionship and conjugal relationship between husband and wife, or wife and husband.

"(2) Either a wife or husband may recover damages against a third person for loss of consortium, resulting from a negligent or wrongful act of such third person."

Section 55 of the Constitution of Kentucky provides that "No act  *  *  * shall become law until ninety days after the adjournment of the session at which it was passed  *  *  *" The regular session of the General Assembly adjourned on March 20, 1970, therefore the law prescribed by House Bill 222 has only been in effect since June 18, 1970.

There is no question that the act does not apply retrospectively. Kentucky Revised Statute 446.080(3) states that, "No Statute shall be construed to be retroactive unless expressly so declared."

Any cause of action or claim which this plaintiff may maintain for the negligent injury of her husband accrued to her on or about May 17, 1969; the date of the accident. At that time and date neither the Kotsiris case nor House Bill 222 were extant.

■ The Court of Appeals' decision and the legislative act, apparently conflict in that the court's decision expressly applies retroactively, whereas the statute does not. The question of whether the common law in regard to consortium as it has now been declared in Kentucky is preempted by the current statutory law does not have to be reached. Mrs. Thomas's cause of action accrued and her complaint was filed prior to the effective date of House Bill 222. The negative retroactive effect of the statute is therefore not pertinent.

Her claim is controlled solely by the common law, and the Kotsiris case, by judicial fiat, has deemed such a claim retroactively meritorious. The motion to dismiss on the ground that the complaint fails to state a claim upon which relief may be granted must be denied.

It is within this court's discretion, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to order the consolidation of actions involving common questions of law for purposes of trial. Civil Actions No. 1390 and No. 1438, pending in this court, both involve the same parties and identical questions of law. The evidence applicable to the issues in one case would be relevant, competent, material and admissible in the other. By consolidating the two cases the problems of duplication can be prevented without causing prejudice to the parties. The plaintiffs' motion to consolidate these actions should be sustained. Cass v. Sonnenblick-Goldman Corp., 287 F.Supp. 815 (D.C.1968).

An order in conformity with this memorandum is this day entered.