335 So.2d 25 (1976)
Leonard RUMSEY et al., Appellants,
v.
Michael M. MANNING and Vivian L. Manning, His Wife, Appellees.
No. 75-788.
District Court of Appeal of Florida, Second District.
July 7, 1976.
Michael N. Brown, of Allen, Dell, Frank & Trinkle, Tampa, for appellants.
W. DeHart Ayala, Jr., of Few & Ayala, Tampa, for appellee Vivian L. Manning.
PER CURIAM.
This is an appeal from a judgment entered upon a jury award of $60,000 for loss of consortium.
*26 The appellee, Michael M. Manning, was injured in an automobile accident on September 29, 1972. Mr. Manning, joined by his wife, brought suit against appellants to recover damages. The appellants admitted liability. Prior to the trial Mr. Manning withdrew his claim for loss of earnings and loss of earning capacity. The jury returned a verdict in favor of Mr. Manning for $10,000 and in favor of Mrs. Manning for $60,000. The appellants satisfied Mr. Manning's judgment, but they have appealed from the judgment for Mrs. Manning.
Mrs. Manning operated a beekeeping business. Mr. Manning assisted her in this work. Mr. Manning suffered a permanent injury to a nerve in his left arm as a result of the accident. As a consequence he could no longer effectively assist Mrs. Manning in much of the manual and heavy lifting labor involved in the beekeeping business. She did not hire anyone to take his place. The primary thrust of Mrs. Manning's claim in this suit was for the loss of her husband's services in her business.
The right of a person to seek damages for the loss of the services of his or her spouse is not limited to those services which customarily arise out of the marriage relationship. In Lithgow v. Hamilton, Fla. 1954, 69 So.2d 776, the supreme court said that among the lost services of his wife that a husband was entitled to recover in a wrongful death action was "any special service which the wife was accustomed to perform for the husband in the household, and in his business without compensation, which will have to be replaced by hired services." More recently, the district court of appeal in Leaseco, Inc. v. Barlett, Fla.App. 4th, 1971, 257 So.2d 629, held that evidence of a deceased's wife's earnings outside of the household was properly admissible in a husband's wrongful death action. So long as there is no double recovery, we see no impediment to the recovery of the reasonable value of services customarily performed without compensation by one spouse in the other's business which are lost by reason of injuries suffered in an accident caused by a third party. In this case, since Mr. Manning waived any claim for loss of earnings and loss of earning capacity, there was no possibility of a double recovery by Mrs. Manning. Cf., Kotsiris v. Ling, Ky.App. 1970, 451 S.W.2d 411.
On the other hand, we believe the court erred in permitting, over appellant's objection, several beekeeping experts to testify concerning the reasonable value of the services of an expert beekeeper. The evidence reflected that the only services lost to Mrs. Manning by reason of her husband's injury were those of a manual nature. Thus, Mrs. Manning testified:
Q Okay. Could you tell me what he is able to do now?
A He is unable to lift the big supers full of honey, and he is unable to lift the hives when they have to be moved. He tries to make the tops and bottoms, but he can't do that, he can't nail up supers, and he can't nail the frames, due to the fact that his hand just won't hold onto the frames and supers and things that you have to work with in order to make the equipment.
Mrs. Manning was a professional beekeeper and continued to operate the business. To the extent that Mr. Manning was also a professional beekeeper, his services in that capacity were not impaired by the accident. We point out that there was no testimony introduced with respect to the reasonable value of Mr. Manning's manual services which were lost to Mrs. Manning. The testimony ranging from $12,000 to $35,000 per year as being the reasonable value of the services of an expert beekeeper contained the seeds of prejudice to appellants. Our supreme court in Atlantic Coast Line *27 R. Co. v. Campbell, 1932, 104 Fla. 274, 139 So. 886, said:
The chief object in introducing evidence is to secure a rational ascertainment of facts; therefore facts should not be submitted to the jury, unless they are logically relevant to the issues. A fact in a cause must be both logically and legally relevant, for even logical relevancy does not in all cases render proposed evidence admissible. A fact which, in connection with other facts, renders probable the existence of a fact in issue, should still be rejected, where, under the circumstances of the case, it is essentially misleading or too remote... .
In addition, we believe the court erred in refusing to permit the appellants to introduce into evidence the Mannings' income tax returns for the years 1971, 1972, 1973, and 1974. These returns reflected that in 1971 the Mannings had a net farm loss of $732.46; in 1972 a net farm profit of $1,311.80; in 1973 a net farm profit of $1,686.74; and in 1974 a net farm profit of $3,547.50. Thus, it appears that the beekeeping business fared better after Mr. Manning's injury. Admittedly, other factors may have caused the profits to go up, but the introduction of the tax returns would have provided appellants with a credible argument that the value of Mr. Manning's services, whether before or after the accident, never approached the amounts being claimed. While the refusal to permit the introduction of these returns might not have been sufficiently harmful to warrant reversal, standing alone, such a ruling tended to compound the adverse effect of admitting the testimony of the value of the services of an expert beekeeper when these were not the services which were lost.
The judgment for Mrs. Manning is reversed, and the case is remanded for a new trial on her damages.
REVERSED and REMANDED.
BOARDMAN, A.C.J., GRIMES, J. and STOKES, ROBERT G., Associate Judge, concur.